**CITY OF NEW YORK**
**DEPARTMENT OF CONSUMER AFFAIRS**
-----------------------------------------------------------------x
DEPARTMENT OF CONSUMER AFFAIRS

**SECOND AMENDED**
**NOTICE OF HEARING**

Complaignant,

-against-

AZZAM ABDERRAHMAN
1614 65TH ST
BROOKLYN, NY 11204

Violation # LL005324075

License # 0820996

Licensee/Respondent.                    (Process Server Individual)
-----------------------------------------------------------------x

In accordance with the powers of the Commissioner of the New York City Department of Consumer Affairs ("the Department") set forth in Section 2203(f) of Chapter 64 of the Charter of the City of New York and Section 20-104 of the Administrative Code of the City of New York ("the Code"), **YOU ARE HEREBY ORDERED TO APPEAR FOR A HEARING AT THE ADJUDICATION TRIBUNAL OF THE DEPARTMENT OF CONSUMER AFFAIRS, 11TH FLOOR, 66 JOHN STREET, NEW YORK, NEW YORK 10038 AT 9:30 A.M. ON JANUARY 13, 2014** to have charges against you heard concerning violations of Chapter 1 of the Code, beginning at Section 20-101 (known as the License Enforcement Law); Chapter 2 of the Code, Subchapter 23, beginning at Section 20-403 (known as the Process Servers Law); Title 6 of the Rules of the City of New York ("6 RCNY"), beginning at Section 1-01 (known as the License Enforcement Rules); and Title 6 of the Rules of the City of New York, Chapter 2, Subchapter W, beginning at Section 2-231 (known as the Process Servers Rules);

**AND SHOW CAUSE** why your license to operate as an individual process server should not be suspended or revoked, why monetary penalties should not be imposed on you and why you should not be prohibited, based on lack of fitness, from holding any license issued by the Department on the grounds specified herein.

## FACTS AND APPLICABLE LAW

1. Respondent, AZZAM ABDERRAHMAN, has been licensed by the Department as an individual process server under license number 0820996 since on or about May 3, 1994.

2. Respondent's current process server license will expire on February 28, 2014.

### Signing False Affidavits of Service

3. Respondent falsely affirmed in an affidavit of service that was filed in Queens County Supreme Court in the matter of *Americredit Financial Services, Inc. v.* ███████ *(Index No.* ███████ *Queens County Supreme Court)*, that he had served a Summons With Notice at the defendant's place of residence on November 4, 2009 at 11:30 a.m. by substitute service upon "███████, RELATIVE."

4. Respondent falsely affirmed in an affidavit of service that was filed in Queens County Civil Court in the matter of *Discover Bank v.* ███████ *(Index No.* ███████ *Queens County Civil Court)*, that he had served a Summons and Complaint at the defendant's place of residence on December 28, 2012 at 2:39 p.m. by substitute service upon "███████"

5. Respondent falsely affirmed in an affidavit of service that was filed in Queens County Civil Court in the matter of *Capital One Bank (USA), N.A. v.* ███████ *(Index No.* ███████ *Queens County Civil Court)*, that he had served a Summons and Complaint at the defendant's place of residence on December 24, 2012 at 12:51 p.m. by substitute service upon "███████ ███████"

6. Respondent falsely affirmed in an affidavit of service that was filed in Queens County Civil Court in the matter of *Midland Funding LLC v.* ███████ *(Index No.*

███████ *Queens County Civil Court)*, that he had served a Summons and Complaint at the defendant's place of residence on December 13, 2012 at 11:33 a.m. by substitute service upon "██████, RELATIVE of ██████████████"

7.  Respondent falsely affirmed in an affidavit of service that was filed in Queens County Civil Court in the matter of *Discover Bank v.* ██████████ *(Index No.* ██████████, *Queens County Civil Court)*, that he had served a Summons and Complaint at the defendant's place of residence on October 16, 2009 at 1:18 p.m. by substitute service upon "██████████████, RELATIVE."

8.  Respondent falsely affirmed in an affidavit of service that was filed in Queens County Civil Court in the matter of *Capital One Bank (USA), N.A. v.* ████████████ *(Index No.* ██████████ *Queens County Civil Court)*, that he had served a Summons With Notice at the defendant's place of residence on November 4, 2009 at 11:30 a.m. by substitute service upon "██████, CO-OCCUPANT of ██████████ ██████████"

9.  Respondent falsely affirmed in an affidavit of service that was filed in Queens County Civil Court in the matter of *Equable Ascent Financial, LLC v.* ██████████████ *(Index No.* ██████████ *Queens County Supreme Court)*, that he had served a Summons and Complaint at the defendant's place of residence on September 26, 2011 at 12:58 p.m. by substitute service upon "██████████, RELATIVE of ██████████████"

### Failure to Comply with Law Governing Service of Process

10. Respondent failed to properly serve the defendant in the matter of *American Express Centurion Bank v.* ██████████ *(Index No.* ██████████ *Kings County Supreme Court)*.

11. Respondent failed to properly serve the defendant in the matter of *Discover Bank v.* ███████████ *(Index No.* ███████, *Kings County Civil Court).*

12. Respondent failed to properly serve the defendant in the matter of *Taxi Club Two Cab Corp. v.* ███████████ *(Index No.* ███████, *Kings County Civil Court).*

## **GPS-Related Violations**

13. Pursuant to 6 RCNY § 2-233b(a)(1)(i), every process server licensed by the Department must obtain a mobile device, such as a telephone or personal digital assistant, that utilizes software that "make[s] an electronic record of the location where, and the time and date when, the record is made as determined by Global Positioning System ("GPS") technology or Assisted-Global Positioning System ("A-GPS") technology, and labels the record with the network date and time maintained by the mobile device, the DCA license number of the process server, the DCA license number of the process serving agency that has distributed the process for service, the name of the plaintiff or petitioner, the name of the defendant or respondent, the docket number (if any), the name of the person to whom process is delivered and a unique file identifier of the process being served.

14. Pursuant to section 20-410 of the Code and 6 RCNY § 2-233b(a)(2)(i), on every occasion that a licensed process server attempts or effects service of process, the process server must ensure that the mobile device makes an electronic record of the GPS location, time and date of the attempted or effected service immediately after attempting or effecting service.

15. Pursuant to 6 RCNY § 2-233b(a)(3), a licensed process server must enter into a contract with an independent third party to provide GPA data storage and retrieval services.

16. Respondent failed to include the following information in his GPS records:

    a.  3/1/13 @ 11:33, █████████ (Name of Person Served);
    b.  3/2/13 @ 9:48, ███████████ (Name of Person Served);
    c.  3/2/13 @ 10:22, ████████ (City);
    d.  3/2/13 @ 10:30, █████████ (Name of Person Served);
    e.  3/2/13 @ 11:35, █████████ (Name of Person Served);
    f.  3/2/13 @ 12:03, █████████ (Name of Person Served);
    g.  3/2/13 @ 12:39, █████████ (Name of Person Served);
    h.  3/4/13 @ 10:09, ██████████ (Name of Person Served);
    i.  3/4/13 @ 10:49, ████████ (City);
    j.  3/4/13 @ 11:15, ███████████ (Name of Person Served);
    k.  3/4/13 @ 11:39, ██████████ (Name of Person Served);
    l.  3/4/13 @ 15:27, █████████ (Name of Person Served);
    m.  3/5/13 @ 9:24, ███████ (Name of Person Served);
    n.  3/5/13 @ 11:15, █████████ (Name of Person Served);
    o.  3/5/13 @ 14:25, █████████ (Name of Person Served);
    p.  3/6/13 @ 12:02, █████████ (Name of Person Served);
    q.  3/6/13 @ 14:36, ███████████ (Name of Person Served);
    r.  3/8/13 @ 10:14, █████████ (City);
    s.  3/8/13 @ 12:17, █████████ (Name of Person Served);
    t.  3/8/13 @ 13:55, ███████████ (Name of Person Served);
    u.  3/9/13 @ 10:24, ██████████ (Name of Person Served);
    v.  3/11/13 @ 12:25, █████████ (Name of Person Served);
    w.  3/11/13 @ 12:35, █████████ (Name of Person Served);
    x.  3/11/13 @ 13:51, ██████████ (Name of Person Served);
    y.  3/13/13 @ 9:50, █████████ (Name of Person Served);
    z.  3/13/13 @ 10:02, ██████████ (Name of Person Served);
    aa. 3/13/13 @ 10:25, █████████ (ZIP Code);
    bb. 3/16/13 @ 10:54, █████████ (Name of Person Served);
    cc. 3/16/13 @ 11:46, ███████████ (Name of Person Served); and
    dd. 3/20/13 @ 11:16, ██████████ (Name of Person Served).

**<u>Electronic Recordkeeping Violations</u>**

17. Pursuant to section 20-406.3 of the Code and 6 RCNY § 2-233a, a licensed process

    server is required to maintain records of service of process in an electronic format

    ("233a records").

18. The 233a records must contain the following information in separate fields:

    (i)     name of the individual process server to whom service is assigned, which
           will be entered as last name, first name;
    (ii)    the license number of the individual process server to whom service is
           assigned, which will be specified as a seven digit number, where the first

number shall be zero if the process server's license number is less than seven digits;

(iii)   the title of the action or proceeding, if any;

(iv)   the name of the person served, if known, which shall be entered as last name, first name;

(v)   the date that service was effected, which shall be entered as MM/DD/YYYY;

(vi)   the time service was effected, which shall be entered as military time;

(vii)   the address where service was effected, which shall be entered as three different fields such that one field will be for the street address and any apartment number, the second field will be for the city or borough, and the third field will be for zip code;

(viii)   the nature of the papers served;

(ix)   the court in which the action has been commenced, which shall be entered as either Civil Court NYC, Civil Supreme, Criminal, Housing(L/T), or District Court, followed by the county of the court, the judicial department if appellate, or the federal district;

(x)   the full index number, which shall be entered with all information necessary to identify the case, such as XXXXX/XX, unless the case is a Civil Local matter, in which case, it will include the prefix of CV, CC, LT, MI, NC, RE, SC, or TS;

(xi)   if service was effected pursuant to subdivisions (1) through (3) of CPLR §308, a description of the person served which shall consist of six fields, including sex, hair color, approximate age, height, weight, and any other identifying features provided by the process server;

(xii)   whether service was delivered, as indicated by a Y or N;

(xiii)   the type of service effected, which shall be entered as a P for personal service, an S for substitute service, a C for conspicuous service, or a CO for corporate service; and

(xiv)   if service was effected pursuant to subdivision (4) of CPLR §308 or subdivision one of RPAPL §735, a description of the door and the area adjacent.

19. Respondent failed to include the following information in his 233a records for the

period November 30, 2012, through January 2, 2013 and February 27, 2013 through

May 1, 2013:

   a.   12/3/12 @ 11:59, ███████████ (City);
   b.   12/3/12 @ 12:29, █████████████████████ (City);
   c.   12/3/12 @ 12:45, ████████ (City);
   d.   12/3/12 @ 13:19, ██████████ (Court - County);
   e.   12/5/12 @ 12:11, █████████ (City);
   f.   12/5/12 @ 13:55, ████████████ (Name of Person Served);
   g.   12/7/12 @ 9:21, ███████████ (City);
   h.   12/8/12 @ 13:31, ██████████ (City);
   i.   12/10/12 @ 11:53, ████████ (City);



j.  12/10/12 @ 15:44, ███████████ (City);
k.  12/11/12 @ 11:59, ███████████ (Street Address);
l.  12/11/12 @ 12:14, ███████████████ (Street Address);
m.  12/11/12 @ 12:21, ██████████████ (Street Address);
n.  12/11/12 @ 13:04, █████████████ (Street Address);
o.  12/11/12 @ 13:17, ███████████████ (Street Address);
p.  12/11/12 @ 13:28, █████████████ (Street Address);
q.  12/11/12 @ 13:42, ████████████████ (Street Address);
r.  12/11/12 @ 13:52, ███████████ (Street Address);
s.  12/11/12 @ 14:07, ███████████ (Street Address);
t.  3/2/13 @ 10:24, ███████████ (City);
u.  3/4/13 @ 10:51, █████████ (City);
v.  3/8/13 @ 10:17, ████████████ (City);
w.  3/11/13 @ 11:21, ██████████████ (Street Address);
x.  3/12/13 @ 14:38, ███████████ (Street Address);
y.  3/16/13 @ 12:05, ████████████ (Street Address);
z.  3/20/13 @ 10:12, ████████████ (Street Address);
aa. 3/22/13 @ 14:07, ███████████████ (Street Address);
bb. 3/26/13 @ 12:51, ███████████ (Street Address);
cc. 3/27/13 @ 12:14, █████████████ (Street Address); and
dd. 3/27/13 @ 12:14, ████████████ (ZIP Code).

**Affidavit of Service Violations**

20. Pursuant to 6 RCNY § 2-235, an individual process server must maintain a copy of every affidavit of service for at least seven years in electronic form or as a paper copy.

21. 6 RCNY § 2-235 also requires that an individual process server must include his license number on all affidavits of service that he signs.

22. In addition, section 89-ff of The New York General Business Law requires that individual process servers must include on all affidavits of service that he signs the name and address of any process serving agency from whom he obtained the process for service.  Pursuant to 6 RCNY § 2-234, this requirement applies to all individual process servers licensed by the Department.

23. Respondent failed to include the process serving agency's address on the following affidavits of service:

    a.  3/11/13 @ 12:12 (█████████████████);

    b.  3/11/13 @ 13:31 (████████████);

    c.  3/11/13 @ 14:34 (█████████████);

    d.  3/12/13 @ 11:36 (███████████);

    e.  3/12/13 @ 12:48 (█████████████);

    f.  3/13/13 @ 14:41 (███████);

    g.  3/13/13 @ 14:46 (█████████████);

    h.  3/15/13 @ 14:55 (███████████████);

    i.  3/15/13 @ 11:57 (████████████████████); and

    j.  3/16/13 @ 9:51 (██████████████).

## Logbook Violations

24. Respondent failed to create a logbook entry for the following attempts or services:

    a.  12/28/12 @ 10:57 (██████████);

    b.  12/31/12 @ 18:47 (█████████);

    c.  4/2/13 @ 11:41 (███████████);

    d.  4/2/13 @ 11:41 (████████████; and

    e.  4/2/13 @ 11:43 (███████.

25. Respondent made improper corrections to the following entries in his logbooks:

    a.  12/5/12 @ 14:52 (████████████████);

    b.  12/11/12 @ 9:34 or 9:36 (████████████);

    c.  12/11/12 @ 9:34 or 9:36 (█████████████);

    d.  12/11/12 @ 14:14 or 14:17 (█████████████);

    e.  12/11/12 @ 14:14 or 14:17 (█████████████);

    f.  12/13/12 @ 10:08 or 10:09 (██████████████████);

    g.  12/24/12 @ 11:55 (██████); and

    h.  3/8/13 @ 14:35 (███████████████).

26. Respondent failed to include in his logbook the type of service of effected for the

    following services:

    a.  12/3/2012 @ 11:39 (█████████); and

    b.  12/5/2012 @ 12:05 (███████.

## CHARGES

### Charges 1-7: Signing False Affidavits of Service

1. Respondent violated 6 RCNY § 2-234 by falsely affirming in an affidavit of service that was filed in Queens County Supreme Court in the matter of *Americredit Financial Services, Inc. v.* ████████ *(Index No.* ████, *Queens County Supreme Court)*, that he had served a Summons With Notice at the defendant's place of residence on November 4, 2009 at 11:30 a.m. by substitute service upon "██████, RELATIVE." [1 count]

2. Respondent violated 6 RCNY § 2-234 by falsely affirming in an affidavit of service that was filed in Queens County Civil Court in the matter of *Discover Bank v.* ████ ████ *(Index No.* ████ *Queens County Civil Court)*, that he had served a Summons and Complaint at the defendant's place of residence on December 28, 2012 at 2:39 p.m. by substitute service upon "████████" [1 count]

3. Respondent violated 6 RCNY § 2-234 by falsely affirming in an affidavit of service that was filed in Queens County Civil Court in the matter of *Capital One Bank (USA), N.A. v.* ████████ *(Index No.* ████████ *Queens County Civil Court)*, that he had served a Summons and Complaint at the defendant's place of residence on December 24, 2012 at 12:51 p.m. by substitute service upon "████████, RELATIVE of ████████" [1 count]

4. Respondent violated 6 RCNY § 2-234 by falsely affirming in an affidavit of service that was filed in Queens County Civil Court in the matter of *Midland Funding LLC v.* ████████ *(Index No.* ████████, *Queens County Civil Court)*, that he had served a Summons and Complaint at the defendant's place of residence on December

13, 2012 at 11:33 a.m. by substitute service upon "███████, RELATIVE of ████████████████" [1 count]

5. Respondent violated 6 RCNY § 2-234 by falsely affirming in an affidavit of service that was filed in Queens County Civil Court in the matter of *Discover Bank v.* ███ ████████ *(Index No.* ██████ *Queens County Civil Court)*, that he had served a Summons and Complaint at the defendant's place of residence on October 16, 2009 at 1:18 p.m. by substitute service upon "██████████████, RELATIVE." [1 count]

6. Respondent violated 6 RCNY § 2-234 by falsely affirming in an affidavit of service that was filed in Queens County Civil Court in the matter of *Capital One Bank (USA), N.A. v.* █████████████ *(Index No.* █████████ *Queens County Civil Court)*, that he had served a Summons With Notice at the defendant's place of residence on November 4, 2009 at 11:30 a.m. by substitute service upon "███████, CO-OCCUPANT of ███████████████" [1 count]

7. Respondent violated 6 RCNY § 2-234 by falsely affirming in an affidavit of service that was filed in Queens County Civil Court in the matter of *Equable Ascent Financial, LLC v.* ██████████████ *(Index No.* █████████ *Queens County Supreme Court)*, that he had served a Summons and Complaint at the defendant's place of residence on September 26, 2011 at 12:58 p.m. by substitute service upon "███████, RELATIVE of ███████████████" [1 count]

**Charges 8-10: Failure to Comply with Law Governing Service of Process**

8. Respondent violated 6 RCNY § 2-234 by failing to properly serve the defendant in the matter of *American Express Centurion Bank v.* ███████████ *(Index No.* ████████ *Kings County Supreme Court)*.

9. Respondent violated 6 RCNY § 2-234 by failing to properly serve the defendant in the matter of *Discover Bank v.* ████████████ *(Index No.* ████████ *Kings County Civil Court)*.

10. Respondent violated 6 RCNY § 2-234 by failing to properly serve the defendant in the matter of *Taxi Club Two Cab Corp. v.* ████████████ *(Index No.* ████████, *Kings County Civil Court)*.

### Charge 11: GPS-Related Violations

11. Respondent violated 6 RCNY §§ 2-233b(a) by failing to record the following information in his GPS records:

    a. 3/1/13 @ 11:33, ████████ (Name of Person Served);
    b. 3/2/13 @ 9:48, ████████ (Name of Person Served);
    c. 3/2/13 @ 10:22, ████████ (City);
    d. 3/2/13 @ 10:30, ████████ (Name of Person Served);
    e. 3/2/13 @ 11:35, ████████ (Name of Person Served);
    f. 3/2/13 @ 12:03, ████████ (Name of Person Served);
    g. 3/2/13 @ 12:39, ████████ (Name of Person Served);
    h. 3/4/13 @ 10:09, ████████ (Name of Person Served);
    i. 3/4/13 @ 10:49, ████████ (City);
    j. 3/4/13 @ 11:15, ████████ (Name of Person Served);
    k. 3/4/13 @ 11:39, ████████ (Name of Person Served);
    l. 3/4/13 @ 15:27, ████████ (Name of Person Served);
    m. 3/5/13 @ 9:24, ████████ (Name of Person Served);
    n. 3/5/13 @ 11:15, ████████ (Name of Person Served);
    o. 3/5/13 @ 14:25, ████████ (Name of Person Served);
    p. 3/6/13 @ 12:02, ████████ (Name of Person Served);
    q. 3/6/13 @ 14:36, ████████ (Name of Person Served);
    r. 3/8/13 @ 10:14, ████████ (City);
    s. 3/8/13 @ 12:17, ████████ (Name of Person Served);
    t. 3/8/13 @ 13:55, ████████ (Name of Person Served);
    u. 3/9/13 @ 10:24, ████████ (Name of Person Served);
    v. 3/11/13 @ 12:25, ████████ (Name of Person Served);
    w. 3/11/13 @ 12:35, ████████ (Name of Person Served);
    x. 3/11/13 @ 13:51, ████████ (Name of Person Served);
    y. 3/13/13 @ 9:50, ████████ (Name of Person Served);
    z. 3/13/13 @ 10:02, ████████ (Name of Person Served);
    aa. 3/13/13 @ 10:25, ████████ (ZIP Code);
    bb. 3/16/13 @ 10:54, ████████ (Name of Person Served);
    cc. 3/16/13 @ 11:46, ████████ (Name of Person Served); and
    dd. 3/20/13 @ 11:16, ████████ (Name of Person Served).

[30 counts]

## **Charge 12: Electronic Recordkeeping Violations**

12. Respondent violated 6 RCNY § 2-233a(b) by failing to record the following

information in his 233a records:

    a.  12/3/12 @ 11:59, ███████████ (City);
    b.  12/3/12 @ 12:29, █████████████████(City);
    c.  12/3/12 @ 12:45, █████████ (City);
    d.  12/3/12 @ 13:19, ██████████ (Court - County);
    e.  12/5/12 @ 12:11, █████████ (City);
    f.  12/5/12 @ 13:55, █████████ (Name of Person Served);
    g.  12/7/12 @ 9:21, █████████ (City);
    h.  12/8/12 @ 13:31, ██████████, (City);
    i.  12/10/12 @ 11:53, ████████ (City);
    j.  12/10/12 @ 15:44, ████████ (City);
    k.  12/11/12 @ 11:59, █████████ (Street Address);
    l.  12/11/12 @ 12:14, ██████████████ (Street Address);
    m.  12/11/12 @ 12:21, ███████████████ (Street Address);
    n.  12/11/12 @ 13:04, ██████████ (Street Address);
    o.  12/11/12 @ 13:17, ████████████ (Street Address);
    p.  12/11/12 @ 13:28, ██████████ (Street Address);
    q.  12/11/12 @ 13:42, █████████████ (Street Address);
    r.  12/11/12 @ 13:52, ██████████ (Street Address);
    s.  12/11/12 @ 14:07, █████████ (Street Address);
    t.  3/2/13 @ 10:24, █████████ (City);
    u.  3/4/13 @ 10:51, ███████ (City);
    v.  3/8/13 @ 10:17, ██████████ (City);
    w.  3/11/13 @ 11:21, ██████████ (Street Address);
    x.  3/12/13 @ 14:38, █████████ (Street Address);
    y.  3/16/13 @ 12:05, ███████████ (Street Address);
    z.  3/20/13 @ 10:12, ██████████ (Street Address);
    aa.  3/22/13 @ 14:07, ████████████ (Street Address);
    bb.  3/26/13 @ 12:51, █████████ (Street Address);
    cc.  3/27/13 @ 12:14, █████████████ (Street Address); and
    dd.  3/27/13 @ 12:14, ██████████ (ZIP Code).

[30 counts]

## **Charge 13: Affidavit of Service Violations**

13. Respondent violated 6 RCNY § 2-234 by failing to include the process serving

agency's address on at least 10 affidavits of service that he signed.  [10 counts]

**Charges 14-16: Logbook Violations**

14. Respondent violated 6 RCNY § 2-233(b)(1) by failing to create a logbook entry for each service or attempted service.  [5 counts]

15. Respondent violated 6 RCNY § 2-233(b)(8) by making improper corrections in his logbook. [8 counts]

16. Respondent violated 6 RCNY § 2-233(b)(3) by failing to include the type of service in his logbook entries. [2 counts]

**LACK OF FITNESS**

17. By virtue of the activities described above, Respondent violated § 20-101 of the Code by failing to maintain the standards of integrity, honesty and fair dealing required of licensees.

**WHEREFORE,** the Department demands that an order issue: 1) suspending or revoking Respondent's license; 2) imposing maximum fines on Respondent for each and every charge set forth herein; and 3) granting such other relief as is deemed just and proper.

Dated: December 23, 2013
New York, New York

For:    **Jonathan Mintz**
Commissioner

By:    ████████████████

Senior Staff Attorney
Legal Division

## <u>IMPORTANT INFORMATION FOR RESPONDENTS</u>

**You have been charged with violating Laws and Rules of the New York City Department of Consumer Affairs.**

***FAILURE TO APPEAR AT THE HEARING:*** If you do not appear at the DCA Adjudication Tribunal on the scheduled hearing date, you will be found guilty of the charges, you will be ordered to pay a fine, and your DCA license(s) may be revoked.

***ADJOURNMENTS:*** Requests for adjournments must be received at least three (3) business days prior to the hearing date. **You may submit your request by e-mail to adjournmentrequests@dca.nyc.gov (preferred method)** or by mail to DCA Adjudication Tribunal, 66 John Street, 11th Floor, New York, NY 10038. Make sure to include the violation number in your request. In addition, you must send a copy of your request to process_server@dca.nyc.gov or by mail to ██████ DCA Legal Division, 42 Broadway, 9th Floor, New York, NY 10004.

***REPRESENTATION:*** Although it is not required, you may choose to bring a lawyer or authorized representative to the hearing.

***TRANSLATION SERVICES:*** DCA will provide translation services at the hearing for you and your witnesses. You may not use your own interpreter at the hearing.

***REASONABLE ACCOMMODATION:*** If you have a disability and require a reasonable accommodation on the day of the hearing, you must send a request, with proof, before the hearing date to the Adjudication Tribunal at **mycase@dca.nyc.gov** or call 311 (212-NEW-YORK outside NYC) and ask for "Consumer Affairs Hearing - Reasonable Accommodation."

***SETTLEMENTS:*** If you wish to discuss a possible settlement of the charges in this Notice of Hearing, you may contact ██████ at process_server@dca.nyc.gov at least five (5) business days prior to the hearing date.

---

For additional information, visit DCA's website at www.nyc.gov/consumers or call 311.

---