CIVIL COURT OF THE CITY OF NEW YORK　　　　INDEX NO.CV-020867-08/KI
COUNTY OF KINGS

Collins Financial Services, Inc.

　　　　　　　　　　　　　　　　Plaintiff,

　　-against-

**AFFIRMATION**

Luz Texidor

　　　　　　　　　　　　　　　Defendant.

Krista Rose, an attorney duly licensed to practice law in the Courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

1. I am an associate of the firm appearing as attorneys of record for the plaintiff and am fully familiar with all of the statements submitted herein. I submit this Affirmation in opposition to the defendant's application to vacate the default judgment entered by the plaintiff against the defendant on 05/14/2008 in the amount of $3877.96.

2. Attached hereto for the court to review is a copy of the default judgment (*exhibit A*), and Defendant's Order to Show Cause (*exhibit B*).

3. The plaintiff filed this action to recover the unpaid credit card that the defendant incurred with the plaintiff's predecessor

4. The defendant failed to answer the complaint and summons, and a default judgment was entered in this court on 05/14/2008.

5. To assure this court that the judgment amount is neither excessive nor improperly entered, the interest accruing on the principal balance is governed by New York C.P.L.R. § 5004.

6. As a matter of law, to obtain vacatur of order or judgment entered on the basis of default, it is well settled that a defendant has the burden of proving there existed both

(1) a reasonable excuse for his default and (2) a meritorious defense or claim. NY CPLR § 5015(a), ¶ 1; *Bonded Concrete v. Audino*, 663 N.Y.S.2d 916 (1997), *Marine Midland Bank N.A. v. Fanning*, 649 N.Y.S.2d 102 (1996). A movant must set forth detailed factual allegations which explain the reason for vacating a default judgment. *Grezinsky v. Mount Hebron Cemetery*, 759 N.Y.S.2d 386 (2003).

### THE DEFENDANT'S MERITORIOUS DEFENSE IS DEFICIENT

7. The defendant's meritorious defense is incomplete and lacks necessary documentary evidence. The defendant alleges in her affidavit in support of the order to show cause that she was in the care of the Department of Corrections from 2002-2009 *(¶4, movant's affidavit)*.

8. First, the Defendant was not incarcerated at the time the contract was entered, which was on or about 6/25/2001. Second, while Defendant provides documentation that she was discharged from the Department of Corrections care in 2009, the document does not specify whether this discharge was from prison or parole.

9. The defendant does not deny the approximate, outstanding balance owed to the plaintiff. The defendant is required to produce documentary evidence to support her allegation that she was incarcerated during the lifetime of the card and during service of process. The defendant fails to provide such documentation and thus his meritorious defense is deficient. *See LVNV Funding LLC v. Parham*, 15 Misc.3d 1111(A), 839 N.Y.S.2d 434 (Table) (N.Y. Dist. Ct. 2007) (defendant's failure to submit documentary evidence to support his claim that he had a zero balance on a credit card and charges accrued were not authorized by himself lacked merit and was found insufficient to vacate a default judgment entered against defendant). *See also National Recovery Systems v. Weiss*, 226 A.D.2d 289, 641 N.Y.S.2d 296, (N.Y.A.D.

1 Dept. 1996) (defendant's motion to vacate default judgment was denied because of "vague assertion that any money he owed to plaintiff's assignor has been repaid is insufficient in light of his failure to submit any documentation indicating that payments were made").

10. For this reason, the defendant's argument lacks merit and is insufficient to vacate the default judgment.

<u>THE DEFENDANT'S EXCUSE FOR FAILING TO TIMELY ANSWER THE SUMMONS AND COMPLAINT IS UNREASONABLE</u>

11. Second, the defendant does not proffer a reasonable excuse and explanation for failing to timely answer the complaint. While the determination as to what constitutes a reasonable excuse for a default is generally within the sound discretion of the court, the court must hold the defendant accountable and determine a just and reasonable cause for the delay. The defendant's affidavit simply states that "I was in jail in 2002 I never lived at that address" (¶2, *movant's affidavit*).

12. "To overcome this prima facie evidence, the Defendant[s] cannot simply deny receipt of the Summons and Complaint, but must set forth facts substantiating this claim." *North American Capital Corp. v. Mifsud*, 2007 WL 2284605 (Table) (N.Y. Dist. Ct. 2007); *See also Ruskin, Moscou, Evans & Faltischek, P.C. v. Beal*, 212 A.D.2d 687, 622 N.Y.S.2d 598 (2nd. Dept. 1985). *Wunsch v. Cerwinski*, 36 A.D.3d 612, 828 N.Y.S.2d 157 (2nd. Dept. 2007); *Sime v. Ludhar*, 37 A.D.3d 817, 830 N.Y.S.2d 775 (2nd Dept. 2005).

13. In the alternative, if there is found sufficient grounds to vacate the judgment, Plaintiff is willing to consent to the filing and service of Defendant's answer included in her motion papers.

## CONCLUSION

14. Based on the foregoing, it is clear that the defendant has not proffered a reasonable excuse for her default, nor has she demonstrated the existence of a meritorious defense to the underlying claim as required under the applicable rules. In the alternative, Plaintiff is willing to consent to the filing and service of Defendant's answer.

WHEREFORE, the Order to Show Cause should be denied in its entirety or, in the alternative, that the answer filed by Defendant in her motion papers be deemed filed and served.

Dated:  New York, New York
        December 1, 2020

_____

**Exhibit A**

Kings County Civil Court
CIVIL JUDGMENT

Plaintiff(s):
COLLINS FINANCIAL SERVICES, INC.

vs.

Defendant(s):
LUZ TEXIDOR

Index Number: CV-020867-08/KI

Judgment issued: On Default

On Motion of:

Stephen Einstein & Associates
20 Vesey St, Suite 1406, New York, NY 10007

| | | | | | | |
|---|---|---|---|---|---|---|
| Amount claimed | $2,539.03 | Cost By Statute | $20.00 | Transcript Fee | $0.00 |
| Less Payments made | $0.00 | Index Number Fee | $45.00 | County Clerk Fee | $0.00 |
| Interest   01/29/2003 at 9% | $1,208.93 | Service Fee | $25.00 | Enforcement Fee | $40.00 |
| Attorney fees | $0.00 | Non Military | $0.00 | Other Disbursements | $0.00 |
| | | Notice of Trial | $0.00 | Other Costs | $0.00 |
| | | Jury Demand | $0.00 | | |
| Total Damages | $3,747.96 | Total Costs & Disbursements | $130.00 | Judgment Total | $3,877.96 |

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) COLLINS FINANCIAL SERVICES, INC.
2101 W. BEN WHITE BLVD, #103, AUSTIN, TX 78704-

Shall recover of the following parties, addresses and identified debtors below

Defendant debtor(s) and address

(1) LUZ TEXIDOR
483 LINCOLN AVENUE, APT #3F, BROOKLYN, NY 11208-1208

Judgment entered at the Kings County Civil Court, 141 Livingston Street, Brooklyn, NY 11201, in the STATE OF NEW YORK in the total amount of **$3,877.96 on 05/14/2008 at 02:12 PM.**

Judgment sequence 1

_Jack Baer_

Jack Baer, Chief Clerk Civil Court

Page 1 of 1

RECEIVED
JUN 16 2008

Legal 5206245

**Exhibit B**

Civil Court of the City of New York
County of Kings Civil Emergency

Index Number: CV-020867-08/KI

Q403663

COLLINS FINANCIAL SERVICES, INC.
-against-
LUZ TEXIDOR

SE
2PS922

**ORDER TO SHOW CAUSE**
To restore case to the calendar, and vacate any judgment, liens and income executions on this defendant on this defendant, allow answer of dismissing the action

Q 403663

/OSC

UPON the annexed affidavit of LUZ TEXIDOR, sworn to on November 23, 2020, and upon all papers and proceedings herein:

Let the Plaintiff(s) or Plaintiff(s) attorney(s) show cause at:
Kings County Civil Court
141 Livingston Street
Brooklyn, NY 11201
Civil Emergency Part – VIRTUAL
on December 11, 2020 at 2:30 PM

or as soon thereafter as counsel may be heard, why an order should not be made:

1. restoring the case to the calendar
2. vacating the Judgment, and all liens, income executions and restraining notices,
3. accepting the proposed answer as filed or allowing defendant to file an answer and/or
4. dismissing the action if warranted, and/or
5. granting such and further relief as may be just.

PENDING the hearing of this Order to Show Cause and the entry of an Order thereon, let ALL proceedings on the part of the Plaintiff(s), Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement of said Judgment be stayed (stopped).

Check only if applicable:
☑ PLAINTIFF shall provide a copy of the summons and complaint and affidavit of service to the defendant on the return date of this Order to Show Cause.
SERVICE of a copy of this Order to Show Cause and attached Affidavit in Support shall be made on the (check all that apply):
☑ Claimant(s)/Plaintiff(s) or named attorney(s)          ☑ Sheriff or Marshal

| ☐ by Personal Service by "In Hand Delivery" | ☐ by Personal Service by "In Hand Delivery" |
| ☐ by Certified Mail, Return Receipt Requested | ☐ by Certified Mail, Return Receipt Requested |
| ☑ by First Class Mail with official Post Office Certificate of Mailing  EEE | ☑ by First Class Mail with official Post Office Certificate of Mailing  EEE |

on or before November 25, 2020, shall be deemed good and sufficient service.

PROOF OF SUCH SERVICE must be filed with the Clerk in the Part indicated above on the return date of this Order to Show Cause.

Mail to Attorney or party:
Stephen Einstein & Associates (Counsel for Pltf) at 39 Vesey St, Suite 1406, New York, NY 10007

Sheriff/Marshal:
Marshal of the City of New York
Moses, Ronald, Marshal
111 John Street
Suite 500
New York, NY 10038-3109

November 23, 2020
DATE


Hon. Ellen E. Edwards, Civil Court Judge (NYC)

EMAIL [REDACTED]    TELE [REDACTED]

Civil Court of the City of New York, County of Kings                                   Index # CV-020867-08/KI

COLLINS FINANCIAL SERVICES, INC.                Affidavit in support of an order to show cause To
        -against-                                Vacate a Default Judgment for failure to appear and
LUZ TEXIDOR                                      answer and to file an answer or dismiss the case

---

State of New York, County of Kings:
LUZ TEXIDOR, being duly sworn, deposes and says (check all statements that apply to you):

1. **PARTY**
   - ☒ a) I am the party named as defendant in the above titled action

2. **SERVICE**
   - ☒ a) I was not served in the right way as required by the law with a summons and complaint in this action.
   - ☐ b) I was not served a summons and complaint, and my first notice of legal action was:
     - ○ a notice from the Clerk's Office.
     - ○ a notice of Default Judgment mailed to me.
     - ○ a Restraining Notice on my bank account.
     - ☒ a copy of an Income Execution.
     - ○ Other: _____
   - ☒ c) I have read the Affidavit of Service, and I disagree with it because: _I was in Jail in 2002 I never lived at that Address_
   - ☐ d) I requested the Affidavit of Service from the court, but it was not available.

3. **EXCUSABLE DEFAULT** (You must tell the Judge the reason(s) why you did not come to court to answer.)
   I did not come to court and answer in the Clerk's Office because (check all that apply):
   - ☐ I was sick.
   - ☐ I am disabled.
   - ☐ I had an illness in my family.
   - ☐ I had a death in the family.
   - ☐ I was out of town.
   - ☒ I did not receive the court papers.
   - ☒ I received the court papers too late.
   - ☐ The plaintiff told me not to worry about the case or not to answer.
   - ☐ I was on military duty.
   - ☐ Other: _this was sent to my Job_

4. **DEFENSES** (You must tell the Judge the reason(s) why you should not have to pay the money the plaintiff is suing for. Look at the Defense Information Worksheet [see UCS-CC-4] to see what defenses you may have and write them here.)
   I have a good defense because: _Luz Texidor was in the care of D.O.C from 2002 to 2009_

5. **PRIOR APPLICATION**
   - ☒ a) I have not had an Order to Show Cause before in this case.
   - ☐ b) I have had an Order to Show Cause before in this case, but am making another application because:

---

6. **RELIEF REQUESTED** (check all that apply)
   - ☒ I request that the Default Judgment is vacated.
   - ☒ I request that I be allowed to file an answer.
   - ☒ I request permission to serve these papers.
   - ☒ I request that the case is dismissed.

Sworn to before me this day November 23, 2020

_____                        (Sign Name) _Luz Texidor_
Notary Public or Court Employee with title                    LUZ TEXIDOR
                                                              483 LINCOLN AVENUE, APT #3F
                                                              BROOKLYN, NY 11208-1208

UCS-CC-3

EMAIL [REDACTED]    TELE [REDACTED]

**Civil Court of the City of New York**
**County of Kings**

Index No: CV-020867-08/KI

COLLINS FINANCIAL SERVICES, INC.
   -against-
LUZ TEXIDOR

**WRITTEN ANSWER**
**CONSUMER CREDIT TRANSACTION**

**ANSWER:** (Check all that apply)

1. ☑ General Denial: I deny the allegations in the complaint

**SERVICE**

2. ☑ I did not receive a copy of the summons and complaint
3. ☐ I received the Summons and Complaint, but service was not correct as required by law.

**DEFENSES**

4. ☑ I do not owe this debt
5. ☑ It is not my debt. I am the victim of identity theft or mistaken identity.
6. ☐ I have paid all or part of the alleged debt.
7. ☑ I dispute the amount of the debt.
8. ☑ I had no business dealings with Plaintiff. (Plaintiff lacks standing.)
9. ☐ There is no record of plaintiff having a license to collect debt (only for cases filed in New York City, Buffalo and other municipalities requiring debt collectors to be licensed).
10. ☐ Plaintiff does not allege a debt collector's license number in the Complaint(only for cases filed in New York City, Buffalo and other municipalities requiring debt collectors to be licensed).
11. ☐ Statute of Limitations ( the time has passed to sue on this debt: more than six years.)
12. ☐ The debt has been discharged in bankruptcy.
13. ☐ The collateral (property) was not sold at a commercially reasonable price.
14. ☐ Failure to provide proper notice before selling collateral (property).
15. ☐ Failure to mitigate damages(Plaintiff did not take reasonable steps to limit damages)
16. ☐ Unjust enrichment (the amount demanded is excessive compared with the original debt.)
17. ☐ Violation of the duty of good faith and fair dealing.
18. ☐ Unconscionability (the contract is unfair.)
19. ☐ Laches (plaintiff has excessively delayed in bringing this lawsuit to my disadvantage.)
20-a. ☐ **OUTSIDE OF NEW YORK CITY ONLY:** Lack of personal jurisdiction under Uniform City Court Act 213(applies if you do not work in the city where the case was filed and you are not a resident of that city or (for all counties except Westchester and Nassau counties) you are not a resident of a town next to that city within the same county).
20-b. ☐ **SUFFOLK COUNTY:** Lack of personal jurisdiction; the defendant is not a resident and/or was not served in, or there was no transaction of business in, that portion of Suffolk County for which a District Court has been established (Towns of Huntington, Babylon, Islip, Smithtown and Brookhaven).
21. ☐ Defendant is in the military.

**OTHER**

22. ☐ Other reasons _____
23. ☐ Please take notice that my only source of income is _____, which is exempt from collection.

**COUNTERCLAIM(S)**

24. ☐ Counterclaim(s):$ _____ Reason: _____

**VERIFICATION**

State of New York, County of Kings ss:
LUZ TEXIDOR, being duly sworn, deposes and says: I am the Defendant in this proceeding. I have read the Answer in Writing Consumer Credit Transaction and know the contents thereof to be true to my own knowledge except as to those matters stated on information and belief, and as to those matters I believe them to be true.

Sworn to before me this 11 day of 23 20 20

_____ Defendant

Notary Public /Court Employee and Title
This case is scheduled to appear on the court calendar as follows:
Date: _____ Part: _____ Room: _____ Time: _____ Both sides notified: O Yes O No

EMAIL [REDACTED]    TELE [REDACTED]

INDEX NO. CV-020867-08/KI

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

Collins Financial Services, Inc.
*Plaintiff(s)*

- against -

Luz Texidor
*Defendant(s)*

AFFIRMATION IN OPPOSITION

Signature (Rule 130-1. 1-a)


Krista Rose, Esq.

Tromberg, Morris & Poulin, PLLC f/k/a Stephen Einstein & Associates, P.C.
Office and Post Office Address
39 Broadway, Suite 1250
New York, NY 10006
Ph: (800)280-6205
Fax: (212)267-9656

Service of a copy of the within _ is hereby admitted.
Dated,

Attorney(s) for Plaintiff

**Sir: Please take notice**

☐ <u>NOTICE OF ENTRY:</u>

That the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on

☐ <u>NOTICE OF SETTLEMENT</u>

That an order _____ of which the within is a true copy of a Settlement to the HON. presented for one of the judges Of the within named Court, at
On the _____ day of _____ 2020 at ____ AM
Dated,