UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

--------------------------------------------x

LUZ TEXIDOR,

                           Plaintiff,                    **ANSWER TO FIRST**
                                                        **AMENDED COMPLAINT**

           -against-

                                                        **21-CV-04845**

TROMBERG, MORRIS & POULIN, PLLC
f/k/a STEPHEN EINSTEIN & ASSOCIATES, P.C.,
STEPHEN EINSTEIN,
COLLINS FINANCIAL SERVICES, INC.,
ABC PROCESS SERVING BUREAU, INC., d/b/a
ABC PROCESS SERVICE,
AZZAM ABDERRAHMNA, and
JAY BRODSKY,

                           Defendants.

--------------------------------------------x

           Defendant, TROMBERG, MORRIS & POULIN, PLLC f/k/a STEPHEN

EINSTEIN & ASSOCIATES, P.C. and STEPHEN EINSTEIN, by their attorneys,

Barron & Newburger, P.C., answers plaintiff's complaint as follows:

### COMPLAINT AND JURY DEMAND

           Defendants acknowledges being sued pursuant to the Fair Debt

Collection Practices Act, 15 U.S.C. $1692, et seq. and New York General

Business Law $349 and New York Judiciary Law $487, but deny violations

of any named statutes.

### SUMMARY OF CLAIMS

           Defendants deny any violation of Federal or State law.

### A.   JURISDICTION AND VENUE

1.   Defendants admit that the Court has Federal jurisdiction, but otherwise deny the allegations contained in paragraph "1" of the complaint.

2.   Defendants admit the allegations contained in paragraph "2" of the complaint.

## B.   PARTIES

3. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the complaint.

4. Defendants admit the allegations contained in paragraph "4" of the complaint.

5. Defendants admit the allegations contained in paragraph "5" of the complaint.

6. Defendant Stephen Einstein denies that he is a partner at named defendant Tromberg, Morris & Poulin, PLLC, and denies that he is now employed by Tromberg, Morris & Poulin, PLLC.  Mr. Einstein is retired and is no longer a debt collector as defined in 15 U.S.C. §1692a(6).

7. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

8. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

9. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

10. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

11. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

12. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

13. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

### C. STATEMENT OF FACTS

14. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the complaint.

15. Defendants denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of the complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "20" of the complaint.

21. Defendant Tromberg, Morris & Poulin deny any connection with the lawsuit filed on February 19, 2008. The named defendant Tromberg, Morris & Poulin, PLLC did not exist in 2008.

22. Defendants admit the allegations contained in paragraph "22" of the complaint.

23.   Defendants deny each and every allegation contained in paragraph "23" of the complaint.

24.   Defendants admit the allegations contained in paragraph "24" of the complaint.

25.   Defendants deny each and every allegation contained in paragraph "25" of the complaint.

26.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26" of the complaint.

27.   Defendants deny that Uniform Commercial Code §2-725 was applicable to the transaction described in the 2008 complaint referenced in plaintiff's instant complaint as Exhibit B.

28.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "28" of the complaint.

29.   This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

30.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" of the complaint.

31.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "31" of the complaint.

32.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "31" of the complaint with respect to defendant Einstein.  Defendant Tromberg, Morris & Poulin denies filing suit in 2008 as it did not exist at that time.

33.   This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

34.   This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

35.   Defendant Tromberg, Morris & Poulin deny filing hundreds of lawsuits on behalf of Collins Financial Services, Inc.  In fact, defendant Tromberg, Morris & Poulin filed no lawsuits on behalf of Collins Financial Services (CFS).  The prior law firm, Stephen Einstein & Associates, P.C., consisted of different shareholders than Tromberg, Morris & Poulin, PLLC.

36.   Defendants deny each and every allegation contained in paragraph "36" of the complaint.

37.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of the complaint.

38.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "38" of the complaint.

39.  Defendants deny each and every allegation contained in paragraph "39" of the complaint.

40.  Defendants admit the allegations contained in paragraph "40" of the complaint.

41.  Defendants deny each and every allegation contained in paragraph "41" of the complaint.

42.  Defendants deny each and every allegation contained in paragraph "42" of the complaint.

43.  Defendants deny each and every allegation contained in paragraph "43" of the complaint.  In addition, thereto, Tromberg, Morris & Poulin did not exist when the State Court lawsuit was brought against Ms. Texidor.

44.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "44" of the complaint.

45.  Defendant Einstein relies on the affidavit of its process server and has no independent knowledge as to whether the

process server successfully served plaintiff at the Brooklyn address. Tromberg, Morris & Poulin deny any involvement in the lawsuit filed in 2008 as it did not exist at that time.

46. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "45" of the complaint. Defendant Einstein relies on the affidavit of service prepared by the process server.

47. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "47" of the complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "48" of the complaint.

49. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

50. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

51. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

52.    This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

53.    This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

54.    This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

55.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "55" of the complaint.

56.    Defendant Tromberg, Morris & Poulin denies filing any application for default as it did not exist in 2008.    Defendant Einstein filed an application for default based upon a facially valid affidavit of service provided by the process server.

57.    Defendant Tromberg, Morris & Poulin denies obtaining any default judgment as it did not exist in 2008.    Defendant Einstein admits that judgment was entered against plaintiff.

58.    Defendants deny knowledge or information sufficient to form a belief as to when plaintiff learned of the collection lawsuit.

59.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "59" of the complaint.

60.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "60" of the complaint.

61.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "61" of the complaint.

62.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "62" of the complaint.

63.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "63" of the complaint.

64.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "64" of the complaint.

65.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "65" of the complaint.

66.    Defendants admit the allegations contained in paragraph "66" of the complaint.

67.   Defendants admit the allegations contained in paragraph "67" of the complaint.

68.   Defendants admit the allegations contained in paragraph "68" of the complaint.

69.   Defendants admit sending an income execution to City Marshal Moses, but otherwise deny the allegations contained in paragraph "69" of the complaint.

70.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "70" of the complaint.

71.   Defendants deny each and every allegation contained in paragraph "71" of the complaint.

72.   Defendants admit that plaintiff filed the document identified as Exhibit K, but otherwise denies knowledge of information sufficient to form a belief as to the allegations contained in paragraph "72" of the complaint.

73.   Defendants contend that Exhibit K, plaintiff's OSC, speaks for itself and needs no further description.

74.   Defendants contend that Exhibit K, plaintiff's OSC, speaks for itself and needs no further description.

75.   Defendants admit that an Order was signed and that a hearing was set for December 11, 2020.

76. Defendants deny each and every allegation contained in paragraph "76" of the complaint.

77. Defendants contend that Exhibit L speaks for itself and needs no further description.

78. Defendants contend that Exhibit M speaks for itself and needs no further description.

79. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "79" of the complaint.

80. Defendants admit to preparation of Exhibit N and Exhibit O. No further description of these exhibits is necessary as these documents speak for themselves.

81. Defendants deny each and every allegation contained in paragraph "81" of the complaint.

82. Defendants deny each and every allegation contained in paragraph "82" of the complaint.

83. Defendants deny each and every allegation contained in paragraph "83" of the complaint.

84. Defendants deny each and every allegation contained in paragraph "84" of the complaint.

85. Defendants deny each and every allegation contained in paragraph "85" of the complaint.

86.   Defendants deny each and every allegation contained in paragraph "86" of the complaint.

87.   Defendants deny each and every allegation contained in paragraph "87" of the complaint.

88.   Defendants deny each and every allegation contained in paragraph "88" of the complaint.

89.   Defendants deny each and every allegation contained in paragraph "89" of the complaint.

90.   Defendants admit the allegations contained in paragraph "90" of the complaint.

91.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "91" of the complaint.

92.   Defendants' opposition to plaintiff's OSC needs no further description as it is contained as part of Exhibit N to the instant complaint.

93.   Defendants deny each and every allegation contained in paragraph "93" of the complaint.

94.   Defendants deny each and every allegation contained in paragraph "94" of the complaint.

95.   Defendants deny each and every allegation contained in paragraph "95" of the complaint.

96.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "96" of the complaint.

97.   Defendants admit that the Court Ordered a Traverse Meeting, but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "97" of the complaint.

98.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "98" of the complaint.

99.   Defendants contend that Exhibit Q speaks for itself and requires no further description.

100. Defendants admit the allegations contained in paragraph "100" of the complaint.

101. The Amended Complaint does not contain any allegations in paragraph "101".

102. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "102" of the complaint.

103. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "103" of the complaint.

104. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "104" of the complaint.

105. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "105" of the complaint.

106. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "106" of the complaint.

107. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "107" of the complaint.

108. Defendants deny each and every allegation contained in paragraph "108" of the complaint.

109. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "109" of the complaint.

110. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "110" of the complaint.

111. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "111" of the complaint.

112. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "112" of the complaint.

113. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "113" of the complaint.

114. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "114" of the complaint.

115. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "115" of the complaint.

116. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "116" of the complaint.

117. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "117" of the complaint.

118. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "118" of the complaint.

119. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

120. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

121. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

122. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

123. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

124. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

125. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

126. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

127. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

128. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

129. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

130. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

131. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

132. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

133. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

134. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

135. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

136. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

137. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

138. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

139. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

140. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

141. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

142. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

143. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

144. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

145. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

146. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

147. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

148. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

149. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

150. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

151. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

152. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

153. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

154. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

155. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

## D. COUNT 1: FAIR DEBT COLLECTION PRACTICES ACT
### (as to all Defendants except Brodsky)

156. Defendants repeats and realleges their previous admissions and denials contained in paragraphs "1" through "155" of the complaint.

157. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

158. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

159. Defendant Tromberg, Morris & Poulin denies being in existence at the time that the State Court collection action was filed against the plaintiff.  Defendants otherwise deny the allegations contained in paragraph "159" of the complaint.

160. Defendant Stephen Einstein is no longer affiliated with the other answering defendant and is no longer a debt collector.

161. Defendants admit the allegations contained in paragraph "161" of the complaint.

162. Defendants deny each and every allegation contained in paragraph "162" of the complaint.

163. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

164. Defendants deny each and every allegation contained in paragraph "164" of the complaint.

165. Defendants deny each and every allegation contained in paragraph "165" of the complaint.

166. Defendants deny each and every allegation contained in paragraph "166" of the complaint.

167. Defendants deny each and every allegation contained in paragraph "167" of the complaint.

### E.  COUNT 2: NEW YORK GENERAL BUSINESS LAW SECTIION 349 ET SEQ.
### (as to all Defendants)

168. Defendants repeats and realleges their previous admissions and denials contained in paragraphs "1" through "167" of the complaint.

169. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

170. This paragraph contains an incorrect description of NY General Business Law 349 as the statute does not permit the award of punitive damages.

171. Defendants deny each and every allegation contained in paragraph "171" of the complaint.

172. Defendants deny each and every allegation contained in paragraph "172" of the complaint.

173. Defendants deny each and every allegation contained in paragraph "173" of the complaint.

174. Defendants deny each and every allegation contained in paragraph "174" of the complaint.

175. Defendants deny each and every allegation contained in paragraph "175" of the complaint.

176. Defendants deny each and every allegation contained in paragraph "176" of the complaint.

177. Defendants deny each and every allegation contained in paragraph "177" of the complaint.

## F. COUNT 3: NY JUDICIARY LAW §487
### (as to Tromberg and Mr. Einstein)

178. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

179. Defendants deny each and every allegation contained in paragraph "179" of the complaint.

180. Defendants deny each and every allegation contained in paragraph "180" of the complaint.

181. Defendants deny inflicting any injury upon plaintiff under NY Judiciary Law §487.

182. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

183. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

184. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

185. Defendants deny each and every allegation contained in paragraph "185" of the complaint.

**G. COUNT #4: GROSS NEGLIGENCE (AS TO ALL DEFENDANTS)**

186. Defendants repeats and realleges their previous admissions and denials contained in paragraphs "1" through "185" of the complaint.

187. Defendants deny each and every allegation contained in paragraph "187" of the complaint.

188. Defendants deny each and every allegation contained in paragraph "188" of the complaint.

189. Defendants deny each and every allegation contained in paragraph "189" of the complaint.

190. Defendants deny each and every allegation contained in paragraph "190" of the complaint.

191. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

192. Defendants deny each and every allegation contained in paragraph "192" of the complaint.

193. Defendants deny each and every allegation contained in paragraph "193" of the complaint.

194. Defendants deny each and every allegation contained in paragraph "194" of the complaint.

195. Defendants deny each and every allegation contained in paragraph "195" of the complaint.

### H. COUNT #5: NEGLIGENCE (as to all Defendants)

196. Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "195" of the complaint.

197. Defendants deny each and every allegation contained in paragraph "197" of the complaint.

198. Defendants deny each and every allegation contained in paragraph "198" of the complaint.

199. Defendants deny each and every allegation contained in paragraph "199" of the complaint.

200. Defendants deny each and every allegation contained in paragraph "200" of the complaint.

201. Defendants deny each and every allegation contained in paragraph "201" of the complaint.

202. Defendants deny each and every allegation contained in paragraph "202" of the complaint.

203. Defendants deny each and every allegation contained in paragraph "203" of the complaint.

204. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

205. Defendants deny each and every allegation contained in paragraph "205" of the complaint.

## I. COUNT #5: VIOLATIONS OF N.Y.C. ADMIN. CODE § 20-409.2
### (as to ABC, ABDERRAHMAN AND BRODSKY)

206. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

207. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

208. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

209. This paragraph contains no factual allegations directed against the answering defendants and does not require an admissions or denials.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSSE
## REGARDING TROMBERG, MORRIS & POULIN, PLLC

210. Answering defendants Tromberg, Morris & Poulin, PLLC, did not exist until early 2020 and took no part in any of the acts described in the complaint that took place prior to 2020.

## AS AND FOR A SECOND AFFIRAMTIVE DEFENSE

211. Plaintiff's claims are barred, in whole or in part, by the FDCPA One Year Statute of Limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

212. Plaintiff's claims are barred, in whole or in part, by the NY GBL §349 Three Year Statute of Limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

213. There is no vicarious liability for the acts of the process server in this action.  The process serving agency and the

individual process server were both licensed entities.  Defendants are not responsible for any negligent or intentional conduct committed by those entities.


      **WHEREFORE,** Answering defendants pray that plaintiff takes nothing in this case and that they be awarded their fees and costs, together with all such other and further relief as to which they may be justly entitled.

Dated:  New City, NY
       May 11, 2022


                                        _____

ARTHUR SANDERS, ESQ.
BARRON & NEWBURGER, P.C.
Attorneys for defendants –
Tromberg, Morris & Poulin, PLLC
and Stephen Einstein
30 South Main Street
New City, NY  10956
845-499-2990



TO:
EMMA CATERINE, ESQ.
LAW OFFICE OF AHMAD KESHAVARZ
Attorney for plaintiff
16 Court Street-26th Floor
Brooklyn, NY 11241

AHMAD KESHAVARZ, ESQ.

LAW OFFICE OF AHMAD KESHAVARZ, ESQ.

Attorney for plaintiff

16 Court Street-26th Floor

Brooklyn, NY 11241


COREY SCOTT STARK, ESQ.

COREY STARK, PLLC

Attorney for defendant ABC Process Serving Bureau, Inc.

110 East 59th Street — 22nd Floor

New York, NY  10022