# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., #2600
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

September 26, 2023

**VIA ECF**
Magistrate Judge Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:  Request to Lift Stay of Discovery as to ABC Defendants and Extend Discovery Deadline by 30 Days.**

      *Texidor v. Tromberg, Morris & Poulin, PLLC, et al.,* No. 1:21-cv-04845-RPK-LB

Dear Judge Bloom:

    The undersigned represents the Plaintiff Luz Texidor in this lawsuit against Defendants Tromberg, Morris & Poulin, PLLC f/k/a Stephen Einstein & Associates, P.C. ("Tromberg"), Stephen Einstein (collectively with Tromberg, "Tromberg Defendants"), Collins Asset Group, LLC ("CAG"), ABC Process Serving Bureau, Inc. d/b/a ABC Process Service ("ABC"), Jay Brodsky ("ABC Defendants"), and Azzam Abderrahman[1] for violations of the FDCPA and related state law. Plaintiff submits this application to lift the stay of discovery against ABC Defendants and, if the stay is lifted, to extend the discovery deadline by 30 days, from October 11 to November 10, 2023.

      **1. Background of the Stay of Discovery.**

    On September 28, 2022, Plaintiff filed an application with the Court seeking to conduct discovery on ABC Defendants, arguing that "the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay. Rather, good cause requires a showing of facts militating in favor of the stay." *Telesca v. Long Island Hous. P'ship, Inc.*, 2006 WL 1120636 at * 1 (E.D.N.Y. 2006) *citing to, among other cases, In re Currency Conversion Fee Antitrust Litig.*, MDL 1409, 2002 WL 88278 at * 1 (S.D.N.Y. 2002). "Factors that courts have considered when determining whether or not a stay is appropriate include: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Telesca* at * 1 *citing to In re Currency Conversion Fee* at * 1. On October 31, 2022, this Court held a status conference for this action, wherein Plaintiff's application was denied and discovery against ABC Defendants was stayed pending their contemplated motion to dismiss.

    On April 13, 2023, following the addition of putative judgment creditor assignee CAG to the action, this Court held another status conference for this action, wherein a briefing schedule

---

[1] Mr. Abderrahman has not appeared in this action, and thus is not included in any reference to "Defendants" made herein.

was set for the Motion to Dismiss by ABC Defendants, discovery was stayed for the ABC Defendants pending decision on the Motion to Dismiss, and discovery deadlines were set for plaintiff and the remaining defendants. Briefing was completed and electronically filed on the Motion to Dismiss on May 26, 2023. Dkt. Nos. 77-81. The Motion to Dismiss was referred to Your Honor on September 18, 2023. A decision has not been made on the pending Motion as of this filing.

### 2. The Status of Discovery Against Non-ABC Defendants.

Plaintiff has carried out the majority of necessary discovery against the Non-ABC Defendants possible while the stay as to discovery against the ABC Defendants is in effect, including the depositions of the other Defendants and document discovery. "The fact that plaintiff is pursuing discovery expeditiously also weighs against delaying discovery by granting a stay." *E.g. Freund v. Weinstein*, No. CV 2008-1469 FB MDG, 2009 WL 2045530, at *3 (E.D.N.Y. July 8, 2009). On September 15, 2023, Plaintiff sent a letter to all Defendants to summarize the final outstanding discovery issues in the hopes of resolving them without the need for motion practice. Plaintiff, CAG, and Tromberg Defendants only anticipate additional time for discovery as to CAG and Tromberg Defendants being necessary as to resolve disputes on outstanding discovery requests. Similarly, Defendants have taken Plaintiff's deposition.

### 3. The Discovery Stay Should Be Lifted to Avoid Prejudice Against Plaintiff and Avoid Inefficient Bifurcation of the Case.

Plaintiff makes this application to lift the stay of discovery because the calculation of whether the stay is warranted is far different from when this Court originally implemented the stay on October 31, 2022. Simply put, the parties are reaching the deadline for fact discovery in this matter, which is now about 3 weeks away on October 11, 2023. While per the Court's Order this is a deadline for Plaintiff and the non-ABC Defendants, and presumably would not preclude discovery from taking place against ABC Defendants subsequent to this deadline, proceeding with discovery in this manner would be enormously prejudicial to Plaintiff. The prejudice arises from how interconnected the claims are in this matter, such that bifurcating discovery will not only be inefficient but further will hamper Plaintiff's ability to litigate her case against the Non-ABC Defendants. Plaintiff would be prejudiced because (1) Tromberg Defendants are vicariously liable for the alleged violations by ABC Defendants; (2) there are open questions of fact about the policies and practices of Tromberg Defendants regarding service of process for which ABC Defendants are likely to have knowledge; and (3) there is a communication between Tromberg Defendants and ABC Defendants for which Plaintiff only has Tromberg Defendants' explanation.

Notably Plaintiff will seek most, if not all, of the discovery discussed below even if ABC Defendants are dismissed. Where "plaintiffs would likely continue to seek discovery from defendants as non-parties," courts in this Circuit have denied stays of discovery. *E.g. Abbott Lab'ys v. Adelphia Supply USA*, No. CV20155826CBAMDG, 2016 WL 4148323, at *2 (E.D.N.Y. Aug. 4, 2016). "[T]hese defendants are, at the very least, material witnesses in this litigation based on the allegations of the complaint." *Hachette Distribution, Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 359 (E.D.N.Y. 1991); *see* Dkt. No. 63, ¶¶ 44-54 (allegations in the Third-Amended Complaint for which ABC Defendants would be witnesses).

>   a. Plaintiff must conduct discovery on ABC Defendants to litigate her claims against Tromberg Defendants for being vicariously liable for ABC Defendants executing a false affidavit of service against Ms. Texidor.

While not exactly on point, the current posture of this case is an even more pressing example of the concern raised in cases with a request for stay of discovery where there is a parallel case regarding similar claims against the same defendant. *Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d 533 (S.D.N.Y. 2022). In *Kaplan*, the Court ruled against a stay of discovery, with a crucial factor being parallel cases, where "discovery in both cases overlaps substantially." *Id.* at 535. Here, the situation goes beyond substantial overlap – Plaintiff brings claims against the Tromberg Defendants for vicarious liability for the sewer service[2] by ABC Defendants, and so discovery for the vicarious liability claim and the claims against ABC Defendants practically overlaps entirely. Put simply, Plaintiff cannot make her entire case against Tromberg Defendants without first making her case against ABC Defendants to show what Tromberg Defendants are vicariously liable for.

>   b. Tromberg Defendants could not provide sufficient information on its policies and practices regarding service of process during the time that service was falsified against Ms. Texidor, for which ABC Defendants are likely to have knowledge as the firm's primary process server at that time.

Tromberg testified in its deposition that "one of the things we did institute I believe with Jay [Brodsky] and then predecessors is once we started seeing stuff like the *Pfau* case…try and institute some type of reporting just to look for potential sewer service infractions." **Exhibit A** (Tromberg Deposition Excerpt), Trans. 100:02-09. However, Tromberg could not answer follow-up questions for specifics about this relevant alleged practice or policy. *Id.,* Trans. 100:10-17 (witness stating that he did not know when the policy was instituted); *see also Id.,* Trans. 101:07-18. Plaintiff needs to take document discovery and/or depositions of ABC Defendants to obtain this information that Tromberg was unable to provide.

>   c. An email between Tromberg and Defendant Jay Brodsky appears to show on its face knowledge of ABC Defendants' failure to ensure process servers follow the law – Plaintiff must be able to obtain Mr. Brodsky's interpretation of this email.

In an email from a partner of Tromberg, Scott Morris, to Defendant Jay Brodsky on January 5, 2022, Tromberg told Mr. Brodsky:

> "As to work, I cannot send you work at this time. In our industry we have a strict onboarding and compliance process. Without going through that I cannot consider giving you work." **Exhibit B** (Brodsky Emails).

This email appears to suggest that Tromberg now has stricter compliance requirements for service of process than it did when, under the name Stephen Einstein & Associates, it used ABC Defendants as its primary process server. Plaintiff needs to take discovery sufficient to obtain ABC Defendants' understanding of what Tromberg meant, particularly because Mr. Brodsky responded to this email in pertinent part by stating: "I understand the situation but believe we're

---

[2] Sewer service is the practice of executing a false affidavit of service for the purpose of obtaining a default judgment against a consumer without the consumer receiving notice of the lawsuit against them.

using the same system as your current agencies." *Id.* In short, Plaintiff wants to know what Mr. Brodsky meant by "the situation."

        d. Inefficient bifurcation of this case could forestall complete resolution by settlement.

Another relevant consideration for lifting the stay of discovery is how having two separate tracks for the two sets of Defendants could prevent an efficient resolution of this case by settlement. ABC Defendants have not only not had discovery conducted against them, but have also not attended any of the depositions. Understandably, ABC Defendants are not going to have any inclination to enter into any serious settlement negotiations with Plaintiff unless and until they are privy to discovery that reveals their potential exposure. Assuming the Motion is subsequently decided in Plaintiff's favor, Plaintiff will be trying to resolve an action where one set of Defendants is facing the pressure of briefing on summary judgment, and the subsequent findings of liability it could bring, while the other set of Defendants is just starting discovery. Even if all the parties were willing to come together for settlement negotiations in that circumstance, it would be far more difficult to put together a universal agreement to settle the whole action than if all the parties were in the same place procedurally.

**4. Conclusion**

Accordingly, Plaintiff moves for a lift of the stay of discovery against ABC Defendants, and if such a stay is granted, a 30 day extension of the fact discovery deadline to allow Plaintiff and ABC Defendants the time to coordinate discovery such as depositions. If the stay is not lifted, Plaintiff would like to reserve the ability to move for summary judgment against the Tromberg Defendants for her claims of vicarious liability at the same time as she moves for summary judgment against ABC Defendants for the same violations.

Respectfully,

/s/

Emma Caterine, Esq.

**CERTIFICATE OF CONFERENCE**

I have attempted to resolve these matters without Court involvement, both in writing and on the telephone, but those efforts have proven unsuccessful.

On September 15, 2023, Plaintiff sent a letter to all Defendants addressing a number of outstanding discovery issues, including Plaintiff's intention to move to lift the stay of discovery against ABC Defendants. On September 18, 2023, ABC Defendants provided their response to this letter by email, stating that "My clients object to lifting the stay for the following reasons: the breadth of discovery sought is without doubt vast, the burden of responding to discovery will be significant, and no prejudice will result from continuing the stay until the motion is decided." On September 20, 2023, counsel for Plaintiff and ABC Defendants conferred by phone, and reached an impasse. On September 26, 2023, Plaintiff conferred with the remaining appearing Defendants on this issue, and both Collins Asset Group and Tromberg Defendants do not take a position on this Motion.

Respectfully,

/s/

Emma Caterine, Esq.