# COREY STARK, PLLC

## 110 EAST 59TH STREET, 22ND FLOOR
## NEW YORK, NEW YORK 10022

| | |
|---|---|
| TELEPHONE: | (212) 324-3705 |
| FACSIMILE: | (646) 219-7389 |
| EMAIL: | COREY@CSTARKLAW.COM |

www.cstarklaw.com

September 30, 2023

**By ECF**

Hon. Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

> Re:  *Luz Texidor v. Tromberg, Morris, & Poulin, PLLC* et al.
> Civil Action No: 21-cv-4845 (KPK) (LB)

Dear Judge Bloom:

I am a member of Corey Stark PLLC, attorneys for defendants ABC Process Serving Bureau, Inc., and Jay Brodsky, and I write in opposition to Plaintiff's motion to lift the stay.

Plaintiff's letter motion fails to mention any of the established factors that must be considered before a stay is lifted.  It is settled that in deciding whether to grant or continue a stay "a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.,* No. 09 Civ. 5874, 2009 WL 2777076, at \*1 (S.D.N.Y. Sept. 1, 2009).  Plaintiff's motion should be denied for want of these required considerations alone.

Plaintiff's sole argument is that the stay must be lifted to avoid prejudice, but then Plaintiff fails to explain exactly what the prejudice is.  The passage of time between Plaintiff's original opposition to the stay and the present motion is the only difference between the two, and delay by itself is not sufficient to establish prejudice.  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).  Moreover, Plaintiff does not contend that the passage of time has resulted in the fading of memories, the loss of evidence, or the unavailability of necessary witnesses, which are the usual arguments a party uses to establish prejudice.  *See United States v. Cornielle*, 1717 F.3d 748, 752 (2d Cir. 1999).

Instead Plaintiff argues, curiously, that if the stay is not lifted she will be prejudiced because: "(1) Tromberg Defendants are vicariously liable for the alleged violations by ABC Defendants; (2) there are open questions of fact about the policies and practices of Tromberg Defendants regarding service of process for which ABC Defendants are likely to have

knowledge; and (3) there is a communication between Tromberg Defendants and ABC Defendants for which Plaintiff only has Tromberg Defendants' explanation." First, none of those arguments, even if they were credible, which they are not, amounts to prejudice. Second, ABC and Brodsky moved to dismiss because Plaintiff cannot state a claim that they have any liability. If ABC and Brodsky are not liable to Plaintiff in the first place, then no other party could be vicariously liable for their actions. (How could a party be liable for the actions of another party when the party itself is not liable?) If the Tromberg Defendants have any liability to Plaintiff it would be on account of *their* conduct and/or *their* omissions alone.

In addition, ABC and Brodsky are not likely to be able to fill in the information that the Tromberg Defendants lack about their own policies from 2008. Even assuming *arguendo* that ABC and Brodsky do possess information about the Tromberg Defendants' policies, any questions concerning the information could be answered after the motion to dismiss is adjudicated, regardless of the outcome, since no risk exists of fading memories, loss of evidence, or unavailability of necessary witnesses. Likewise, ABC and Brodsky can respond to requests to supplement the explanation for communication between the Tromberg Defendants and the ABC Defendants after the motion to dismiss is adjudicated without exposing Plaintiff to any prejudice. This is especially true since that communication occurred in January 2022.

As a result, Plaintiff's motion to lift the stay falls woefully short of the necessary standard. Ironically, the only thing her motion succeeds in establishing is that *no* prejudice exists. Since ABC and Brodky's motion to dismiss is strong, the breadth of discovery sought is vast, the burden of responding to discovery will be significant, and no prejudice will result from continuing the stay until the motion is decided, Plaintiff's motion to lift the stay should be denied.

Finally, the Court should consider the matter of *actual* as opposed to *declared* motive. In a letter dated September 15, 2023, Mr. Keshavarz admitted that the purpose of the motion was to "incentivize the Court to rule on the pending Motion to Dismiss to avoid having to rule on the motion to lift the stay." It took me five paragraphs to describe and then dispense with the flimsy and illogical arguments set forth in the motion. The letter, however, speaks for itself.


Respectfully,

COREY STARK PLLC

/s/

Corey Stark

cc: Ahmad Keshavarz, Esq. (*by ECF*)
 Emma Caterine, Esq, (*by ECF*)
 Arthur Sanders, Esq. (*by ECF*)
 Patrick Watts (*by ECF*)