# AHMAD KESHAVARZ
*Attorney at Law*

16 COURT ST., #2600
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

June 19, 2025

**VIA ECF**
Judge Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

### *Plaintiff's Motion To Dismiss Defendant Collins Asset Group, LLC*
Re: *Texidor v. Tromberg, Morris & Poulin, PLLC, et al.,* No. 1:21-cv-04845-RPK-LB

Dear Judge Kovner:

The undersigned represents the Plaintiff Luz Texidor in this lawsuit against Defendants Tromberg, Morris & Poulin, PLLC f/k/a Stephen Einstein & Associates, P.C. ("Tromberg"), Stephen Einstein (collectively with Tromberg, "Tromberg Defendants"), Collins Asset Group, LLC ("CAG"), ABC Process Serving Bureau, Inc. d/b/a ABC Process Service ("ABC"), Jay Brodsky ("ABC Defendants"), and Azzam Abderrahman[1] for violations of the FDCPA and related state law. In response to Your Honor's June 9, 2025 ECF Order, Plaintiff submits this application to dismiss CAG as a defendant pursuant to Federal Rule of Civil Procedure 41(a)(2) in light of CAG's bankruptcy filing.

### 1. CAG has appeared, but does not feel it can consent to a stipulation of dismissal

Under Fed.R.Civ.P. 41(a)(1), to unilaterally dismiss an action without a court order, a plaintiff must move to do so before the opposing party serves an answer or motion for summary judgment. After opposing parties have answered, a voluntary dismissal by the plaintiff must be stipulated to by all parties who have appeared. CAG has answered, and thus a stipulation is required to dismiss CAG as a defendant; however, CAG does not feel it can consent to the dismissal while the bankruptcy case is pending. If opposing parties have appeared and at least one party does not consent to the dismissal, a court order under Fed.R.Civ.P. 41(a)(2) is required to dismiss the action.

### 2. Dismissing the action as to CAG "assists rather than interferes with the goals of" the Bankruptcy Code and does not violate the automatic stay

When a debtor files for bankruptcy under any chapter, an automatic stay is created by operation of law under 11 U.S.C. 362, prohibiting "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." Voluntary dismissal of an action against a

---

[1] Mr. Abderrahman has not appeared in this action although duly served. The clerk issued a certificate of Defendant against him on January 11, 2022 [DE 31]. As such, he is not included in any reference to "Defendants" made herein.

bankrupt debtor is not the sort of "commencement or continuation" prohibited by the automatic stay; on the contrary, it further serves the purpose of the automatic stay. Courts which have considered the question of voluntary dismissal of an action against a defendant who has filed for bankruptcy have found that such dismissal does not violate the automatic stay. *See Slay v. Living Centers East, Inc.* 249 B.R. 807 (S.D. Ala. 2000); *Sawyer v. Jackson,* 224 F.Supp.3d 461 (E.D. Va. 2016). *See also Arnold v. Garlock*, 288 F.3d 234, 236-37 (5th Cir. 2002). Most notably, a Southern District of New York decision found that "unilateral dismissal of a claim against a bankrupt under Fed.R.Civ.P. 41 or its equivalent by agreement and judicial approval assists rather than interferes with the goals of Chapter 11." *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F.Supp. 226, 228 (S.D.N.Y. 1994). CAG has filed under Chapter 7, not Chapter 11, but the automatic stay is a function of the Bankruptcy Code generally, not any one chapter. Dismissing CAG as a defendant does not violate the automatic stay, and in fact assists its purpose by relieving the bankrupt debtor of its obligations in this case.

**Conclusion**

Plaintiff seeks to dismiss CAG as a defendant, and because defendants have answered in this action, Plaintiff must do so through either a stipulation of dismissal agreed to by all parties or by motion. As CAG feels unable to stipulate to the dismissal, this motion seeks the dismissal of CAG as a defendant by order of this Court. Such a dismissal would be consistent with the automatic bankruptcy stay. Additionally, the Tromberg and ABC Defendants consent to the dismissal of CAG as a defendant in this action. Plaintiff seeks this dismissal without prejudice.

Respectfully,

/s/

Ahmad Keshavarz