UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LUZ TEXIDOR,

Plaintiff,

-against-

TROMBERG, MORRIS, & POULIN, PLLC f/k/a STEPHEN EINSTEIN & ASSOCIATES, P.C., STEPHEN EINSTEIN, COLLINS ASSET GROUP, LLC, ABC PROCESS SERVING BUREAU, INC. d/b/a ABC PROCESS SERVICE, AZZAM ABDERRAHMAN, and JAY BRODSKY,

Defendants.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
21-CV-4845 (RPK) (LB)

RACHEL P. KOVNER, United States District Judge:

Plaintiff Luz Texidor filed this unfair debt collection lawsuit against Tromberg, Morris, & Poulin, PLLC f/k/a Stephen Einstein & Associates, P.C., Stephen Einstein, Collins Asset Group, LLC, ABC Process Serving Bureau, Inc. d/b/a ABC Process Service ("ABC Process"), Jay Brodsky, and Azzam Abderrahman. As relevant here, plaintiff's third amended complaint ("the complaint") brings claims against ABC Process for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and against ABC Process and its sole shareholder, president, and manager Jay Brodsky (the "ABC defendants"), for violating New York General Business Law ("NYGBL") § 349 *et seq*., for violating New York City ("N.Y.C.") Administrative Code § 20-409.2, and for negligence and gross negligence. *See* Third Am. Compl. ¶¶ 171–224 (Dkt. #63).

The ABC defendants filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), *see* Mot. to Dismiss (Dkt. #77), which I referred to Magistrate Judge Bloom.

Judge Bloom issued a report and recommendation ("R. & R.") recommending that I deny the ABC defendants' motion to dismiss. R. & R. 1 (Dkt. #91). The ABC defendants timely filed objections to the R. & R. *See* Objs. (Dkt. #94). I assume familiarity with the facts alleged in the complaint and, for the reasons explained below, I adopt Judge Bloom's recommendation in full.

**STANDARD OF REVIEW**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Those parts of a magistrate judge's R. & R. to which a party has timely objected are reviewed *de novo*. *Ibid.*; Fed. R. Civ. P. 72(b)(3). Portions to which no party has objected are reviewed only for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citing Fed. R. Civ. P. 72(b) and *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000)). Clear error will only be found when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quoting *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005)).

A complaint will only survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When evaluating a motion to dismiss, a court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022). But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (citation omitted); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." (quotation marks, brackets, and citations omitted)).

## DISCUSSION

The ABC defendants' objections to Judge Bloom's R. & R. are overruled, and the R. & R. is adopted in full. The ABC defendants' motion to dismiss is denied.

### I. ABC Process's Objections Concerning the FDCPA Claim Are Overruled

ABC Process's objection to Judge Bloom's recommendation on plaintiff's FDCPA claim lacks merit. This objection centers around whether plaintiff set forth facts supporting an inference that ABC Process knew or should have known of abuses by its process server. The issue is, in turn, connected to whether ABC Process qualifies for an FDCPA exception applicable to debt collectors. To state an FDCPA claim, a plaintiff must plausibly allege that a defendant is a "debt collector" within the meaning of the FDCPA. *See Schuh v. Druckman & Sinel, L.L.P.*, 751 F. Supp. 2d 542, 548 (S.D.N.Y. 2010). A debt collector generally includes any person who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," 15 U.S.C. 1692a(6), but an exception covers "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt," *id.* § 1692a(6)(D); *see also Romea v. Heiberger & Assocs.*, 163 F.3d 111, 117 (2d Cir. 1998).

Interpreting these rules, courts in this circuit have held that a debt collector can be liable under the FDCPA when the debt collector "goes beyond being merely a messenger and engages in prohibited abusive or harassing activities to force an individual to repay a debt." *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010) (citation, internal quotation marks, and alterations omitted). And, more specifically, courts have held that a defendant does not qualify for the process-server exception when engaging in what is colloquially known as

"sewer service" in connection with debt collection—filing false affidavits of service of process, thereby enabling a debt collector to obtain a default judgment without proper notice to the debtor. *Carroll v. U.S. Equities Corp*., No. 18-CV-667 (TJM) (CFH), 2019 WL 4643786, at *7 (N.D.N.Y. Sep. 24, 2019) (collecting cases); *see also Sykes*, 757 F. Supp. 2d at 423. Applying these principles, Judge Bloom concluded that plaintiff's FDCPA claim against ABC Process withstood the motion to dismiss because plaintiff's allegations were "sufficient to create a reasonable inference of 'sewer service,'" R. & R. 9, and because plaintiff had plausibly alleged "ABC Process knew or should have known that the affidavit [prepared by its process server] was false," *id.* at 10.

In challenging Judge Bloom's recommendation on this subject, ABC Process disputes only Judge Bloom's conclusion that it knew or should have known that the affidavit of service filed in this case was false. Objs. 8–12. ABC Process principally faults Judge Bloom for having referred to evidence that the individual who completed the service affidavits in this case, Azzam Abderrahman, had filed other false affidavits *after* 2008, when the alleged sewer service in this case occurred. *Id.* at 9–10. ABC Process could not have been on notice of Abderrahman's deficient practices, the company argues, based on events that had not yet occurred. *Ibid.*

This objection is overruled because plaintiff makes other factual allegations that push the FDCPA claim against ABC Process just across the plausibility line, even when the allegations about post-2008 events are set aside. Most notably, plaintiff alleges that (i) ABC Process pays process servers as little as $3.00 for service; (ii) process servers are not paid in consumer collection cases unless they successfully execute service; and (iii) at least one process server—who later had his process service license revoked in 2009—was purporting to serve papers at a highly suspicious rate in 2008 (4,000 services per year, which would require completing more than 10 services every single day of the year). Third Am. Compl. ¶¶ 142–43, 150–51. While ABC Process takes issue

with these portions of the complaint because they rely on Jay Brodsky's testimony related to housing cases, *see* Objs. 11, the complaint alleges that these practices applied across the board. These allegations, taken as true, support the reasonable inference that ABC Process was turning a blind eye to what it knew or should have known were fraudulent service practices, given the incentives created by its payment structure and the evidence available to it concerning at least one process server's rates of service.

Other courts have made similar inferences based on similar facts. In *Sykes*, for example, the plaintiff alleged that "defendants paid process server for completed service, but will make no payment for unsuccessful attempts"; individual process servers "are paid only $3 to $6"; and service of process in tens of thousands of lawsuits every year was "allegedly done by only a handful of individual process servers," and therefore defendants "would have known that all of the alleged service could not possibly have occurred as claimed." Sec. Am. Compl. ¶¶ 98–107, *Sykes*, 757 F. Supp. 2d 413, Dkt. #29. Judge Chin cited these portions of the complaint as supporting the inference that defendants knew the affidavits of service filed by a process serving company were "highly likely to be false." *Id.* at 423 n.9 (citing paragraphs 98 to 107 of the complaint); *see also Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065, 1074 (N.D. Cal. 2011) (finding plaintiff plausibly alleged that defendant engaged in sewer service by claiming, among other things, that defendant "advertises its process service to debt collectors and then induces process servers . . . to file false Proofs of Service, by paying them substantially less for service that is not complete"). These allegations make it just plausible that, in 2008, ABC Process knew or should have known the process servers it hired were engaged in sewer service practices.

## II. The ABC Defendants' Objections Concerning the NYGBL and N.Y.C. Administrative Code Claims Are Overruled

The ABC defendants raise no meritorious objections to Judge Bloom's conclusions about plaintiff's NYGBL and N.Y.C. Administrative Code claims.

Section 349 of the NYGBL prohibits "unfair, deceptive, or abusive acts or practices in the conduct of any business, trade, or commerce in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a). A claim under this provision requires "(1) consumer-oriented conduct that is (2) materially misleading," as a result of which "(3) plaintiff suffered an injury." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 124 (2d. Cir 2017). The requirement of consumer-oriented conduct is satisfied if the plaintiff "demonstrate[s] that the acts or practices have a broader impact on consumers at large," as distinct from conduct that is "unique to the parties." *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010) (citations omitted). Courts in this circuit have held "that the persistent filing of fraudulent debt collection lawsuits against New York consumers"—such as lawsuits to obtain default judgments that are premised on "filing false affidavits of service"—violates Section 349 of the NYGBL. *Guzman v. Mel S. Harris & Assocs., LLC*, No. 16-CV-3499 (GBD), 2018 WL 1665252, at *12 (S.D.N.Y. Mar. 22, 2018); *see also* R. & R. 15 (citing cases). Similarly, a plaintiff may sue both a "process server and process serving agency" for sewer service under the N.Y.C. Administrative Code when such actions violate "the law and rules governing service of process in New York State." N.Y.C. Admin. Code § 20-409.2.

The ABC defendants' objections concerning the NYGBL and N.Y.C. Administrative Code largely track ABC Process's FDCPA objections. With respect to the NYGBL claim, they argue that the complaint fails to plausibly allege that the ABC defendants engaged in a deceptive act or practice, or any practice with an impact on consumers at large, because the complaint fails to allege

that ABC Process had actual or constructive knowledge of Abderrahman's false affidavits of service. Objs. 13. But as explained above, plaintiff's allegations regarding ABC Process's payment structure and the service statistics of one of its process servers are sufficient—albeit narrowly so—to raise the inference that ABC Process did have actual or constructive knowledge.

The ABC defendants similarly object that the complaint does not plausibly allege deceptive practices or an impact on consumers at large because the complaint's allegations regarding the payment structure for process servers "are false, inapposite, and misleading," *id.* at 12–13, apparently incorporating the FDCPA argument that these portions of the complaint draw inaccurate inferences from Brodsky's testimony pertaining to housing cases, *id.* at 11. But a motion to dismiss is directed at the allegations in the complaint, and the complaint makes allegations regarding ABC Process's pay structure that are not limited to housing cases.

Similarly, with respect to the N.Y.C. Administrative Code claims, the ABC defendants argue that the complaint "alleges that Mr. Abderrahman engaged in sewer service but does not connect the alleged sewer service to the ABC Defendants." *Id.* at 14. But the complaint contains allegations regarding ABC Process's payment practices and the number of services purportedly completed by one of its servers that support a plausible inference of actual or constructive knowledge of sewer service on the part of the ABC defendants.

### III. The ABC Defendants' Objections Concerning the Negligence and Gross Negligence Claims Are Overruled

Finally, the ABC defendants' objections relating to plaintiff's negligence and gross negligence claims lack merit. To state a claim for negligence, a plaintiff must plausibly allege "that the defendant owed the plaintiff a cognizable duty of care, that the defendant breached that duty, and that the plaintiff suffered damages as a proximate result of that breach." *King v. Crossland Savings Bank*, 111 F.3d 251, 259 (2d Cir. 1997). To state a claim for gross negligence,

a plaintiff must additionally plausibly allege that the defendant's conduct "evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 61–62 (2d Cir. 2012) (citation omitted). "Recklessness in the context of a gross negligence claim means 'an extreme departure from the standards of ordinary care,' such that 'the danger was either known to the defendant or so obvious that the defendant must have been aware of it.'" *Ibid*. (quoting *AMW Materials Testing, Inc. v. Town of Babylon*, 584 F.3d 436, 454 (2d Cir. 2009)).

Under New York law, "[g]enerally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision or training." *Martinez v. Cnty. of Suffolk*, 999 F. Supp. 2d 424, 433 (E.D.N.Y. 2014) (quoting *Talavera v. Arbit,* 795 N.Y.S.2d 708, 709 (App. Div. 2005)). But "[a]n exception exists to this general principle where the injured plaintiff is seeking punitive damages from the employer based on alleged gross negligence in the hiring or retention of the employee," *ibid.* (citation omitted), as plaintiff appears to do here, *see* Third Am. Compl. ¶¶ 206–07, 209.

The ABC defendants' objections to the R. & R.'s conclusion that plaintiff stated negligence and gross negligence claims lack merit. First, the ABC defendants appear to contest whether they can be held liable for negligence or gross negligence under a respondeat superior theory—arguing that Abderrahman was an independent contractor, not an employee. Objs. 16. But as Judge Bloom noted, "the issue of whether Abderrahman was an independent contractor or employee is 'likely to be heavily fact-intensive and inappropriate for resolution at the motion to dismiss stage.'" R. & R. 13 (quoting *Dejesus v. HF Mgmt. Servs., LLC*, No. 12-CV-1298 (ERK), 2012 WL 5289571, at *2 (E.D.N.Y. Oct. 23, 2012), *aff'd*, 726 F.3d 85 (2d Cir. 2013)). Second, the ABC defendants

contest whether plaintiff has adequately pleaded grossly negligent hiring, retention, supervision, or training, asserting that they could not be grossly negligent because "Mr. Abderrahman was a professional, licensed by the New York City Department of Consumer Affairs and in good standing" and had not yet been the subject of complaints to that department. Objs. 15–16. But the ABC defendants cite no authority for the proposition that state licensure and the absence of official complaints are, standing alone, sufficient to defeat a claim of gross negligence in hiring, retention, supervision, or training. No error is apparent in Judge Bloom's failing to treat these facts as "determinative" and failing to hold that "[t]he ABC Defendants cannot . . . be grossly negligent" for "engaging a professional licensed by the City of New York to serve process in the City of New York." *Ibid.*

**CONCLUSION**

The objections to Judge Bloom's R. & R. are overruled for the reasons set forth above, and having found no clear error in the unobjected-to portions of the R. & R., I adopt the R. & R. in full. The ABC defendants' motion to dismiss is denied.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: August 19, 2026
Brooklyn, New York