**AHMAD KESHAVARZ**
*Attorney at Law*

16 COURT STREET, #2600
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

November 20, 2026

**VIA ECF**
Magistrate Judge Seth D. Eichenholtz
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Joint Letter Motion for a Discovery Conference: Plaintiff's Motion to Compel Written Discovery From ABC Defendants and their Cross-Motion to Compel Plaintiff's Deposition**
*Texidor v. Tromberg, Morris, & Poulin, PLLC, et al.*, No. 1:21-cv-04845-RPK-SDE

Dear Judge Eichenholtz:

Pursuant to the Court's November 9, 2026 Order and Section VI.C of Your Honor's Individual Practices and Rules, Plaintiff Luz Texidor and Defendants ABC Process Serving Bureau, Inc. and its principal Jay Brodsky (collectively "ABC") submit this joint letter regarding discovery disputes.

Plaintiff alleges that ABC's process server, Defendant Azzam Abderrahman, executed a false affidavit of service in the 2008 collection suit against her, leading to a default judgment and garnishment. The Tromberg Defendants (Tromberg, Morris & Poulin, PLLC v/k/a Stephen Einstein & Associates and Stephen Einstein) have been dismissed following settlement (Oct. 21, 2026 Order); Defendant Collins Asset Group, the putative creditor, was dismissed after filing for bankruptcy; and a default has been entered against Defendant Abderrahman (ECF No. 31).

Discovery closes January 4, 2027.

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff served her First Set of Discovery Demands on June 23, 2022 and served them again on September 4, 2026. **Ex. A**. ABC requested and was given an extension of time to answer. On October 30, 2026, ABC responded to Plaintiff's Requests for Production (**Ex. B**) and Interrogatories (**Ex. C**). ABC previously responded to Requests for Admission. (**Ex. D.**)

ABC essentially produced nothing. **Ex. E**. Of 45 pages of production, 32 were the summons and complaint in the instant action; 4 pages contained a bond (but not insurance); and 8 pages an Administrative Ruling as to an individual process server named Mohaned Elgizawy. Plaintiff moves to compel as follows.

**A. No documents regarding Plaintiff.** RFP # 1 asks for "1. The documents within your possession, custody, or control regarding Plaintiff, the putative debt, or attempts to collect the putative debt." Defendant points to its document production, but, other than a reproduction of Plaintiff's complaint, none relates to Plaintiff. Therefore, Plaintiff seeks and order for ABC to produce all documents in its possession, custody or control regarding Plaintiff.

**B. Deadline to complete search and to produce**. RFP # 2-9, 12, 13, 15-34. Almost all of ABC's responses to RFPs produce no documents and simply state "*presently* unable to identify or locate any responsive documents within their possession or control." (emphasis added). Discovery closes January 4, 2027. Plaintiff seeks an order that, within 2 weeks, ABC complete its search and produce all documents in its possession, custody, or control responsive to these RFPs. Presumably that will include the documents ABC has elsewhere contends exists.[1]

**C. The undefined "relevant period" limitation.** In response to RFPs 7, 9, 12, 17, 18, 19, 20, 28 and 34, the ABC says it cannot locate documents "concerning the relevant period," a phrase they never define. Apparently the phrase is superfluous because, for example, it is used both when the requests are limited to a specific time-period, e.g. RFP # 17 (how much process servers paid from 2007 to present), # 18, 19 (electronic records of date, time, method of service from 2005 to present), # 20 (complaints of executing false affidavits of service), # 28 (electronic records of service for Azzam Abderrahman from 2007 to present), # 34 (number of successful and unsuccessful service of process for each process server from 2007 to present), and where the requests have no limitation in time such as RFP # 7, 9 (policy or procedure manuals, including regarding false affidavits of service), # 12 (document referenced in initial disclosures).

Therefore Plaintiff seeks an order striking the superfluous, undefined "relevant period" language so that Plaintiff knows no documents are being withheld on those grounds. However, if ABC is seeking to limit the date range of responsive answers it needs to expressly state that date range in response to this application so that limitation can be addressed.

---

[1] Rog. 9. "…strict, chronological, and contemporaneous records documenting every single service attempt, the recipient's description, date, time, and address. Defendants required independent contractors to capture GPS or A-GPS coordinates immediately after attempting or effecting service in approximately 2011."

On December 22, 2023, Mr. Brodsky swore in *One Horse & Two Snakes Inc. v. Elgizawy*, Index No. 527715/2022 (Sup. Ct. Kings Cnty.), NYSCEF Doc. No. 34, that "ABC tracks process servers with a global positioning system." ¶ 6. ABC's service data is the core evidence in a sewer-service case: whether a server was elsewhere when he claimed to be serving the plaintiff is "a fair issue." *Sykes v. Mel Harris & Assocs., LLC*, No. 09 Civ. 8486 (DC), ECF No. 98, at 2 (S.D.N.Y. July 26, 2011) (compelling process-serving agency's full service database).

ABC's Consent Order with DCA dated December 27, 2011 required it to review its servers' records monthly, keep those reports for seven years, and keep records of discipline (Third-Amended Complaint ["TAC"] Ex. R [ECF No. 63-18]), and DCA found in 2013 that ABC failed to identify violations in Abderrahman's logbook (TAC Ex. S [ECF No. 63-19]). ABC has also told the Court that it did not learn of Abderrahman's misconduct until December 23, 2013 (ECF No. 94), at 5, 7, 14. Documents showing what ABC knew, and when, go to the heart of the negligent hiring, retention and supervision claims that survived dismissal. ECF No. 113 at 7-9.

In July 2022, the ABC Defendants denied that ABC paid Abderrahman only for successful service and denied that he was paid $5.00 or less for the Texidor service (Responses to Requests for Admission 7-11, **Ex. D**), and in their objections to the Report and Recommendation they denied to the Court that pay-only-on-success applied to the service of process at issue in this lawsuit (ECF No. 94). Those positions must rest on something, yet ABC has produced no rate sheets, ledgers, IRS Forms 1099, invoices to Stephen Einstein & Associates, or any other payment record. In 2008, Mr. Brodsky testified that ABC was "computerized, systematized." TAC Ex. T (ECF No. 63-20 at 143:11-12). Among the reason Judge Kovner listed in her denial of ABC's motion to dismiss was its payment structure, its servers' service volume, and whether Abderrahman was an employee. ECF No. 113 at 4-8. The ABC Defendants have so far produced nothing on any of those issues.

ABC states that it required its servers to capture GPS or A-GPS coordinates beginning in approximately 2011 and that service records must be kept for seven years, including a "strict, chronological, and contemporaneous records documenting every single service attempt, the recipient's description, date, time, and address." **Ex. C** (Interrog. Answers 6, 9, 10).

**D. Hiring and supervision.** Rog. 9, 10. Interrogatories 9 and 10 ask for the steps ABC takes in the hiring and supervision of process servers from 2005 to present, whether employees or independent contractors, to assure they do not execute false affidavits of service. The only specific responsive answer to # 9 as to hiring is that ABC "only engaged licensed process servers" and as to # 10 as to supervision is that ABC "did not undertake to supervise process servers." The balance of the response is a series of non-sequiturs.

Plaintiff seeks an order limiting ABC's evidence as to claims of negligent hiring and supervision to those two assertions: it only hires licensed process servers and it does not supervise process servers.

**E. DCA License Applications.** RFP # 35 asked for "License applications with the New York City Department of Consumer Affairs and responses thereto from January 1, 2015 to present." ABC objected at to relevant. Plaintiff seeks an order to overrule the objection and produce all responsive documents within 2 weeks.

**F. Initial Disclosures.** ABC has not served initial disclosure answers, including insurance disclosures.

**G. No insurance production.** RFP # 11 sought "Any insurance policies and declaration sheets that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier." ABC produced documents related to a bond, but no insurance information.

Plaintiff seeks an order for any insurance polices (including declaration sheets) in place from January 1, 2008 to present, regardless of whether the claim has been forwarded to the carrier, including errors and omissions policies, umbrella policies, general liability policies, business liability coverage policies, commercial general liability policies, professional liability policies, Officers and Directors liability policies with additional coverage for suits against the company. Even if ABC believes there is no coverage, ABC is still required to produce the policy. *Calabro v. Stone*, 224 F.R.D. 532, 533 (EDNY 2004) ("While counsel may be correct that the policies sought contain enforceable provisions excluding from their coverage the accident at issue here, plaintiff is not limited to counsel's say-so in making this determination.")

**H. Explaining the passing out of existence of responsive documents.** Rog. 6 asks for an explanation of the passing out of existence of documents responsive to Plaintiff's document production demands, which go from 2005 or 2007 to present.[2] ABC's answer is non-responsive. ABC notes the statutory minimum time period that certain records must be kept, but that was not the question. Plaintiff seeks an order for ABC to specifically and fully answer interrogatory 6.

**I. Depositions.** Plaintiff cannot take ABC's deposition without fully responsive documents.

## <u>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL</u>

Plaintiff's claim concerns service of a summons and complaint in February 2008, over eighteen years ago, and more than thirteen years before commencement of this action. Unlike

[2] 6. For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

the now-released Tromberg Defendants, Defendants' involvement with the Plaintiff ended right after it began, in February 2008, and they no longer possess relevant documents. Considering that the matter dates from the George W. Bush years, this fact is neither curious nor remarkable. Clearly, and understandably, Defendants were blindsided by this claim and were under no obligation to preserve indefinitely the documents Plaintiff now seeks.

The objections to the interrogatories and document requests are appropriate, narrowly tailored, and necessary because of the nature, drafting, and overbreadth of requests. Bizarrely, Plaintiff admits that many of its requests span twenty-one (21) and nineteen (19) years, respectively. It is non-sensical that discovery concerning present-day practices could be probative in any way to what happened in 2008. Plaintiff has not provided any reason whatsoever to justify a twenty-year discovery period.

Plaintiff argues that information about Defendants' global positioning system is core evidence in a "sewer-service case" because it would show whether a server was elsewhere when he claimed to be serving the Plaintiff. New York City legislation requiring process servers to carry electronic GPS-tracking devices and log service attempts through independent third-party contractors did not go into effect for more than three years after the service at issue in this matter. Defendants did not use GPS-tracking devices in 2008. Also, the claim herein is that Mr. Abderrahman could not have served Plaintiff in 2008 because she was in prison, not because he went to the wrong address. Accordingly, although GPS-tracking may be core evidence in some cases, it could have no probative value whatsoever in this one.

The request for a privilege log also misses the mark. Defendants are not withholding any document from discovery based on privilege. In sum, Plaintiff's concerns about Defendants' discovery responses are based on the passage of time alone, not Defendants' compliance with discovery obligations.

## DEFENDANTS' MOTION

### Plaintiff Should be Compelled to Give a Deposition

A person who has previously been deposed in a matter may be deposed again, but only with leave of the court. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). However, leave should be granted to the extent consistent with the factors set forth in Rule 26(b)(2), such as "whether the second deposition of the witness would be unnecessarily cumulative, whether the party requesting the deposition has had other opportunities to obtain the same information, and whether the burden of a second deposition outweighs its potential benefit." *Ganci v. U.S. Limousine Serv., Ltd.*, No. CV 10-3027 (JFB) (AKT), 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011) (collecting cases).

Considering each of the factors set forth in Rule 26(b)(2), the Court should grant Defendants leave to depose Plaintiff. First, Defendants never got the opportunity to depose Plaintiff, because discovery was stayed essentially since inception of this matter on account of Defendants' motion to dismiss, the bankruptcy filing of former co-defendant Collins Asset Group, LLC's Chapter 7, the objection to the Report & Recommendation, and then finally to preserve resources for the September 3, 2026, settlement conference. Second, the settlement with Tromberg, Morris, & Poulin, PLLC, and Stephen Einstein, as well as some of the damages recently described by Plaintiff's attorney, constitute new information. "Courts will typically reopen a deposition where there is new information on which a witness should be questioned."

*Id*. Third, the burden imposed by the deposition would be minimal, because Defendants are willing to conduct the deposition by video conference.[3] Finally, Defendants are now the only defendants remaining in this action, and precluding them from depositing Plaintiff would be prejudicial, to say the least

**Plaintiff's Opposition to ABC's Motion for Leave for a Second Deposition of Plaintiff.**

A party must obtain leave of court to depose a person who "has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). The Court must limit discovery that is "unreasonably cumulative or duplicative" or where "the party seeking discovery has had ample opportunity to obtain the information." Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii).

The ABC Defendants served a notice to depose Ms. Texidor in person at their counsel's office on December 9, 2026. **Ex. E**. They did not seek or obtain leave of court to do so, making the notice void.

Ms. Texidor was already deposed in this case on September 1, 2023, by lawyers both of Tromberg and Collins. She was examined about the Affidavit of Service, the address and the "Lauren" it describes, and her damages. ABC had notice of the deposition but did not request to attend or to modify its own discovery stay to take part. Discovery against ABC was then stayed pending motion to dismiss, over Plaintiff's request that discovery proceed against all defendants (ECF No. 57; Orders dated Oct. 31, 2022 and Apr. 13, 2023), and ABC opposed lifting the stay after the deposition (ECF No. 86). Having resisted discovery, the ABC Defendants cannot now claim prejudice from a deposition they chose not to attend. Discovery was not stayed because ABC filed a (failing) motion to dismiss and a (failed) objection to the Magistrate's Report and Recommendation, but rather because of ABC's repeated demands for a stay. Indeed, they have told the Court that the age of this case leaves "little risk of any additional memory loss." ECF No. 108 at 1. The transcript is available to them, and they have identified no new matter on which they need Ms. Texidor's testimony with two exceptions. ABC contends "the settlement with Tromberg, Morris, & Poulin, PLLC, and Stephen Einstein, as well as some of the damages recently described by Plaintiff's attorney, constitute new information." ABC has propounded written discovery as to the Tromberg Settlement. As to "damages recently described by Plaintiff's attorney" ABC refers to communications at the settlement conference, which are confidential. But damages were explored at length in the first deposition of Plaintiff and disclosed in Texidor's prior written discovery disclosures. ABC does not even allege the damages issues were already disclosed in the testimony it has access to and the written discovery responses which have long been copied to ABC. The fact that ABC insists the deposition be taken in person in their office, rather than by Zoom. when they know Plaintiff resides now Pennsylvania just goes to show the abusive purpose of a second deposition.

The parties thank the Court for its attention to these matters.

Respectfully submitted,
/s/
Ahmad Keshavarz

[3] Although Defendants' notice for the deposition of Plaintiff's deposition provides for in person testimony, Defendants propose a virtual deposition to help resolve this dispute.

Exhibits:

A. Plaintiff's First Set of Discovery Demands served June 23, 2022 and September 4, 2026

B. ABC Defendants' Responses to Plaintiff's First Request for the Production of Documents (Oct. 30, 2026)

C. ABC Defendants' Responses to Plaintiff's First Set of Interrogatories (Oct. 30, 2026) (Answers 6, 9, 10) and Jay Brodsky's Verification (Oct. 29, 2026)

D. ABC and Brodsky Responses to Plaintiff's Requests for Admission (July 20, 2022)

E. ABC's document production.

F. ABC Defendants' Notice of Deposition of Plaintiff (Nov. 4, 2026)