**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

**LUZ TEXIDOR,**

**Case No.: 1:21-cv-4845-RPK-LB**

**Plaintiff,**

**-against-**

**TROMBERG, MORRIS, & POULIN, PLLC**
**f/k/a STEPHEN EINSTEIN & ASSOCIATES, P.C.,**
**STEPHEN EINSTEIN,**
**COLLINS FINANCIAL SERVICES, INC.,**
**ABC PROCESS SERVING BUREAU, INC., d/b/a**
**ABC PROCESS SERVICE and**
**AZZAM ABDERRAHMAN,**

**Defendants.**

-------------------------------------------------------------------X

**PLAINTIFF'S FIRST SET OF DISCOVERY DEMANDS**

Plaintiff serves the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

Respectfully submitted,
/s/
Emma Caterine
THE LAW OFFICES OF AHMAD KESHAVARZ
16 Court St., 26th Fl.
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax: (877) 496-7809 (toll-free)
Email: ahmad@NewYorkConsumerAttorney.com

**CERTIFICATE OF SERVICE**

I, Emma Caterine, one of the attorneys for the Plaintiff, hereby certify that on this day I served the above referenced document to the parties listed below via email to:

For Defendant Tromberg, Morris & Poulin, PLLC and Stephen Einstein
Arthur Sanders
Barron & Newburger, PC
458 Elizabeth Ave., Suite 5371
Somerset, N.J. 08873
asanders@bn-lawyers.com

For Defendant ABC Process Serving Bureau, Inc.

Corey Stark
Corey Stark PLLC
110 East 59th Street, 22nd Floor
New York, NY 10022
Corey@cstarklaw.com

Date: June 23, 2022
Brooklyn, NY
/s/
Emma Caterine
Plaintiff's Attorney

## DEFINITIONS AND INSTRUCTIONS

Please produce a privilege logs if you are asserting any attorney client privilege, attorney work-product privilege, or assertion of confidentiality that complies with Local Rule 26.2(a) and (b).

Plaintiff incorporates by reference the uniform discovery definitions of Local Rule 26.3. In addition to the uniform discovery definitions of Local Rule 26.3, following terms shall have the following meanings:

1. "Plaintiff" means the Plaintiff in this federal lawsuit, Luz Texidor.
2. "Defendants" means the defendants in this federal lawsuit.
3. "You" or "Your" means the party to whom this discovery request is directed, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.
4. "**Tromberg**" means Defendants Tromberg, Morris, & Poulin, PLLC f/k/a Stephen Einstein & Associates, P.C. and Stephen Einstein.
5. The term "**process servers**" means individual process servers, such as Azzam Abderrahman.
6. The term "**process server agencies**" means companies that perform process service by using individual process servers, be it as employees, independent contractors, or otherwise. This includes, for example, Defendant ABC Process Serving Bureau, Inc., d/b/a ABC Process Service.
7. "**Possession, custody, or control**" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.[1]
8. The term "**person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.
9. The term "**putative debt**" means the putative debt at issue in the state court case captioned

[1] Please note that "the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control." *MTB Bank v. Federal Armored Express*, 93 Civ. 5594(LBS), 1998 WL 43125 at * 4 (S.D .N.Y. Feb. 2, 1998) ("Under Fed.R.Civ.P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.' "). *See also Polanco v. NCO Portfolio Management, Inc.*, 2013 WL 3733391at * 2 (S.D.N.Y. Jul 15, 2013) ("To the extent that [the debt collection law firm] Harris, by virtue of its representation of Defendant [NCO in the state court collection lawsuit], is holding documents that are relevant, responsive to Plaintiff's document requests to Defendant [in this FDCPA action], and not subject to a claim of privilege or work product, Defendant shall, no later than three weeks from the date of this Order, produce those documents to Plaintiff, as such documents are within Defendant's "control" for purposes of the discovery rules.")

*Collins Financial Services, Inc. v. Luz Texidor,* Index No. 20867-08/KI venued in the Civil Court of the City of New York, County of Kings.

10. The term "**collection suit**" means the state court case captioned *Collins Financial Services, Inc. v. Luz Texidor,* Index No. 20867-08/KI venued in the Civil Court of the City of New York, County of Kings.
11. The term "the **Affidavit of Service**" means the document attached as Exhibit C to Plaintiff's Original Complaint.
12. "Identify" (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.
13. "Identify" (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).
14. When a document production demand asks for "documents sufficient to demonstrate,,," you may use an affidavit to answer the question if you wish.

## REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

**PLEASE NOTE**: If the documents sought exist in an electronic form (e.g. a database of dates and locations of putative service of process) please produce those documents in its electronic format.

Please produce the all of the following documents "in your possession, custody, or control":

1. The documents within your possession, custody, or control regarding Plaintiff, the putative debt, or attempts to collect the putative debt.
2. Communications between the Defendants concerning Plaintiff, the putative debt, or attempts to collect the putative debt, including but not limited to emails, electronic communications through collection software, faxes, and letters.
3. The recordings of telephone calls with Plaintiff or any person regarding Plaintiff, the putative, or attempts to collect the putative debt.
4. Your "account notes" and "screen shots" of your collection system regarding Plaintiff, the putative debt, or attempts to collect the putative debt.
5. Documents sufficient to demonstrate the identity of every person who was involved in attempts to collect the debt.
6. Any contracts or agreements that govern the collection of the putative debt.
7. Any collection, policy or procedure manual that would govern the collection of the putative debt.
8. The documents reflecting your policies and procedures in connection with calculation of the statute of limitations in collection lawsuits from January 1, 2007 to December 31, 2008.
9. The documents reflecting your policies and procedures in connection with "sewer service."
10. The documents, if any, upon which you base your affirmative defenses, including the affirmative defense of bona fide error.
11. Any insurance policies and declaration sheets that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier.
12. The documents you reference in your initial disclosures.
13. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

14. Every document that you intend to use or introduce into evidence at the trial of this case.

15. Produce document sufficient to demonstrate what steps you have taken, from January 1, 2005 to present, when you have *decided to hire* a process server or process serving agency (be it as an employee or independent contractor), to ensure that they do not execute false affidavits of service. If those steps have changed in a material way during that time period, please produce the documents reflecting the same.

16. Produce document sufficient to demonstrate what steps you have taken, from January 1, 2005 to present, to *supervise* process servers or process serving agencies (be it as an employee or independent contractor) to ensure that they do not execute false affidavits of service. If those steps have changed in a material way during that time period, please produce the documents reflecting the same.

17. Documents sufficient to demonstrate how much you pay process servers and process serving companies from January 1, 2007 to present for successful service and how much for unsuccessful service in lawsuits. If that amount has changed please produce documents sufficient to demonstrate when and by how much the amounts changed, and the reason for the change.

18. Produce in an electronic format any database you have regarding the data, time, location, and manner of service for process servers or process service agencies from January 1, 2005 to present.

19. Produce in an electronic format any database you have regarding the data, time, location, and manner of service for process servers or process service agencies from January 1, 2005 to present.

20. Produce the documents reflecting complaints or allegations from January 1, 2005 to present that a process server or process serving agency (be it as an employee or independent contractor) you used engaged in executing false affidavits of service.

**REQUESTS FOR PRODUCTION TO**
**TROMBERG, MORRIS, & POULIN, PLLC f/k/a STEPHEN EINSTEIN & ASSOCIATES, P.C. and STEPHEN EINSTEIN**

21. Documents sufficient to demonstrate the number of lawsuits you filed each year from January 1, 2005 to present where the original creditor had in its name "Dell Computer" or the debt was alleged to be for the purchase from Dell Computer; and how many of those were filed either more than 3 ½ years from charge off or more than 4 years from the date of last payment.

22. Documents sufficient to demonstrate the number of collection lawsuits you filed attempting to collect a debt allegedly arising from a credit agreement with American Investment Bank/Dell Computer.

23. Documents sufficient to demonstrate the number of Orders to Show Cause filed in cases you have appeared in from January 1, 2018 to present, and of those Orders to Show Cause, how many have resulted in the judgment at issue being vacated.

24. Produce the consumer file and all other documents within your possession, custody, or control that relate to any lawsuit brought against You for filing a time-barred lawsuit.

25. Any list kept in the ordinary course of your business of process servers that includes Defendant Azzam Abderrahman.

26. Documents sufficient to demonstrate how much you pay process servers or process serving companies from January 1, 2007 to present for successful service and how much for unsuccessful service. If that amount has changed produce documents sufficient to demonstrate how it changed and when.

27. Produce the documents from January 1 2019 to present reflecting a list, if any, of problematic process servers or process serving companies to flag when orders to show cause are filed, and what steps to take in that event.

**REQUESTS FOR PRODUCTION TO ABC PROCESS SERVING BUREA, INC., d/b/a ABC PROCESS SERVICE**

28. If you keep an electronic database of the dates, times and locations of service by process servers you use, please provide that database in electronic format that includes the service attempts by process server Azzam Abderrahman from the time period January 1, 2007 to present. Examples of an electronic database would include, *inter alia*, an Excel Spreadsheet or Microsoft Access file.

29. Copies of the log books for Azzam Abderrahman for the period January 1, 2007 to present.

30. Copies of the log books maintained by Azzam Abderrahman for the duration of his career as a process server.

31. Documents reflecting your training and supervision of Azzam Abderrahman.

32. Complaints that you, or process servers you utilized, made false claims of service of process for alleged service for the period January 1, 2000 to present. This request includes complaints made with the NY Department of Consumer Affairs or other government entities (the full files for such requests are not publicly available).

33. Documents sufficient to demonstrate how much Azzam Abderrahman was paid for the putative service on Ms. Texidor in the Affidavit of Service.

34. Documents sufficient to show the number of successful and the number of unsuccessful service of process of each process server you used from January 1, 2007 to January 1, present to serve collection lawsuits. Please produce those documents by year.

35. License applications with the New York City Department of Consumer Affairs and responses thereto from January 1, 2015 to present.

## INTERROGATORIES TO ALL DEFENDANTS

1. "Identify" all persons who have knowledge of relevant facts, identify the issues upon which you believe they have knowledge.

2. "Identify" the name and address of every witness you expect to call at the trial of this case.

3. "Identify" all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.

4. "Identify" the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements.

5. If documents responsive to Plaintiff discovery demands are in the possession of a third-party, identify that third-party and the documents you believe in their possession.

6. For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

7. Identify all lawsuits brought against You related to filing time-barred lawsuits or false affidavits of service.

8. If your document production uses abbreviations, codes, or identifies persons only by firm name or initials, please identify the meaning of each abbreviation or code, and "identify" each such person.

9. From January 1, 2005 to present, what steps did you take when you *decided to hire* a process server or process serving agency (be it as an employee or independent contractor) to ensure that they did not execute false affidavits of service? If those steps have changed in a material way during that time period, please state when and why.

10. From January 1, 2005 to present, what steps did you take to *supervise* the process servers or process serving agencies (be it as an employee or independent contractor) to ensure that they did not execute false affidavits of service? If those steps have changed in a material way during that time period, please state when and why.

## REQUESTS FOR ADMISSION TO ALL DEFENDANTS

Admit or deny the following.

1. You are a debt collector as defined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.
2. The putative debt was an alleged obligation incurred primarily for family, personal, or household purposes.
3. You regularly collect consumer debts alleged to be due to another.
4. Your principal purpose is the collection of alleged consumer debts.
5. You have received and/or sent money via wire transfer, ACH transfer, electronic transfer, or direct deposit, in connection with your business.
6. You use the mails in connection with Your business.
7. Process server Azzam Abderrahman would only be paid for successful service.
8. Process server Azzam Abderrahman would only be paid for successful service as to Ms. Texidor.
9. Process server Azzam Abderrahman was paid $5.00 or less for the putative service as to Ms. Texidor.
10. Process server Azzam Abderrahman was paid $5.00 or less for putative service in collection lawsuits.
11. The process servers or process serving agencies (be it as an employee or independent contractor) you used in 2008 for service of collection lawsuits would only be paid for successful service.