**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

LUZ TEXIDOR,

Plaintiff,

21-cv-4845 (RPK) (SDE)

-against-

**Defendants' Response to Plaintiff's First Request for the Production of Documents**

TROMBERG, MORRIS, & POULIN, PLLC f/k/a STEPHEN EINSTEIN & ASSOCIATES, P.C., STEPHEN EINSTEIN, COLLINS FINANCIAL SERVICES, INC., ABC PROCESS SERVING BUREAU, INC., d/b/a ABC PROCESS SERVICE, AZZAM ABDERRAHMAN, and JAY BRODSKY,

Defendants.

-----------------------------------------------------------------X

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Eastern District of New York, ABC Process Service Bureau, Inc., and Jay Brodsky ("Defendants"), by their attorneys, Corey Stark PLLC, provide the following response to Plaintiff's First Request for the Production of Documents.

## GENERAL OBJECTIONS

1. Defendants object to the requests to the extent that they purport to impose obligations upon them in excess of those created by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Eastern District of New York.

2. Defendants object to the requests to the extent that they seek the production of documents or information that contain confidential information, and they will not produce such

documents or provide such information in the absence of appropriate protective measures agreed upon by the parties and approved by the Court.

3. In providing these general objections to the interrogatories, Defendants do not in any way waive or intend to waive, but rather intend to preserve and are preserving:

(a) all objections as to competency, relevancy, materiality, and admissibility of any documents that may be produced pursuant to the requests or the subject matter of any request;

(b) all objections as to vagueness, ambiguity, and undue burden;

(c) all rights to object on any ground to the use of any documents that may be produced, or the subject matter of the requests, in any subsequent proceedings, including the hearing of this or any other related or unrelated action, trial, hearing, case, or controversy;

(d) all rights to object to any request calling for the production of documents obtained by counsel for Plaintiff in connection with the preparation of this case; and

(e) all rights to object on any ground to any request for further responses to the requests for documents or information.

4. Defendants object to the requests to the extent that they seek the production of documents or information that are privileged attorney-client material or attorney work product, or are otherwise protected from disclosure, and they will not produce such documents or provide such information.

## DOCUMENT REQUESTS

**Requests for Production of Documents to All Defendants**

1. The documents within your possession, custody, or control regarding Plaintiff, the putative debt, or attempts to collect the putative debt.

***Response***

Defendants are producing documents numbered ABC0000001 through ABC000032.

2. Communications between the Defendants concerning Plaintiff, the putative debt, or attempts to collect the putative debt, including but not limited to emails, electronic communications through collection software, faxes, and letters.

***Response***

Defendants object on the grounds that this request can be reasonably interpreted to call for the production of documents protected by the attorney-client and attorney-work-product privileges. Subject to and without waiving the foregoing objections, Defendants are presently unable to identify or locate any responsive documents within their possession or control.

3. The recordings of telephone calls with Plaintiff or any person regarding Plaintiff, the putative, or attempts to collect the putative debt.

***Response***

Defendants are presently unable to identify or locate any responsive documents within their possession or control.

4. Your "account notes" and "screen shots" of your collection system regarding Plaintiff, the putative debt, or attempts to collect the putative debt.

***Response***

Defendants object on the grounds that this request is vague and overbroad and fails to identify the documents sought with reasonable specificity. Subject to and without waiving the

foregoing objections, Defendants are presently unable to identify or locate any responsive documents within their possession or control.

5. Documents sufficient to demonstrate the identity of every person who was involved in attempts to collect the debt.

***Response***

Defendants object on the grounds that this request is vague and overbroad and fails to identify the documents sought with reasonable specificity. Subject to and without waiving the foregoing objections, Defendants are presently unable to identify or locate any responsive documents within their possession or control.

6. Any contracts or agreements that govern the collection of the putative debt.

***Response***

Defendants are presently unable to identify or locate any responsive documents within their possession or control.

7. Any collection, policy or procedure manual that would govern the collection of the putative debt.

***Response***

Defendants object on the grounds that this request is overbroad and not reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants are presently unable to identify or locate any responsive documents concerning the relevant period within their possession or control.

8. The documents reflecting your policies and procedures in connection with calculation of the statute of limitations in collection lawsuits from January 1, 2007 to December 31, 2008.

***Response***

Defendants are presently unable to identify or locate any responsive documents within their possession or control.

9. The documents reflecting your policies and procedures in connection with "sewer service."

***Response***

Defendants object on the grounds that this request is overbroad and not reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants are presently unable to identify or locate any responsive documents concerning the relevant period within their possession or control.

10. The documents, if any, upon which you base your affirmative defenses, including the affirmative defense of bona fide error.

***Response***

Defendants object on the grounds that this request is vague and overbroad and fails to identify the documents sought with reasonable specificity. Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to her pleadings and the settlement agreement she reached with Tromberg, Morris, & Poulin, PLLC and Stephen Einstein.

11. Any insurance policies and declaration sheets that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier.

***Response***

Defendants object on the grounds that this request is vague and overbroad and fails to identify the documents sought with reasonable specificity. Subject to and without waiving the foregoing objections, Defendants are producing documents numbered ABC000033 through ABC000036.

12. The documents you reference in your initial disclosures.

***Response***

Defendants are presently unable to identify or locate any responsive documents concerning the relevant period within their possession or control other than those produced herein.

13. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

***Response***

Defendants object on the grounds that this request is vague and overbroad and fails to identify the documents sought with reasonable specificity. Subject to and without waiving the foregoing objections, Defendants are presently unable to identify or locate any responsive documents within their possession or control.

14. Every document that you intend to use or introduce into evidence at the trial of this case.

***Response***

Defendants object on the grounds that this interrogatory is premature, overbroad, and can be reasonably interpreted to seek to invade the attorney-work-product privilege. Subject to and without waiving the foregoing objections, Defendants have not yet determined which exhibits they will seek to introduce at trial.

15. Produce document sufficient to demonstrate what steps you have taken, from January 1, 2005 to present, when you have *decided to hire* a process server or process serving agency (be it as an employee or independent contractor), to ensure that they do not execute false affidavits of service. If those steps have changed in a material way during that time period, please produce the documents reflecting the same.

***Response***

Defendants object on the grounds that this request is vague and overbroad and fails to identify the documents sought with reasonable specificity. Subject to and without waiving the foregoing objections, Defendants are presently unable to identify or locate any responsive documents within their possession or control.

16. Produce document sufficient to demonstrate what steps you have taken, from January 1, 2005 to present, to *supervise* process servers or process serving agencies (be it as an employee or independent contractor) to ensure that they do not execute false affidavits of service. If those steps have changed in a material way during that time period, please produce the documents reflecting the same.

***Response***

Defendants object on the grounds that this request is vague and overbroad and fails to identify the documents sought with reasonable specificity. Subject to and without waiving the foregoing objections, Defendants are presently unable to identify or locate any responsive documents within their possession or control.

17. Documents sufficient to demonstrate how much you pay process servers and process serving companies from January 1, 2007 to present for successful service and how much for unsuccessful service in lawsuits. If that amount has changed please produce documents sufficient to demonstrate when and by how much the amounts changed, and the reason for the change.

***Response***

Defendants object on the grounds that this request is overbroad and not reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants are presently unable to identify or locate any responsive documents concerning the relevant period within their possession or control.

18. Produce in an electronic format any database you have regarding the data, time, location, and manner of service for process servers or process service agencies from January 1, 2005 to present.

***Response***

Defendants object on the grounds that this request is overbroad and not reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing

objections, Defendants are presently unable to identify or locate any responsive documents concerning the relevant period within their possession or control.

19. Produce in an electronic format any database you have regarding the data, time, location, and manner of service for process servers or process service agencies from January 1, 2005 to present.

***Response***

Defendants object on the grounds that this request is overbroad and not reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants are presently unable to identify or locate any responsive documents concerning the relevant period within their possession or control.

20. Produce the documents reflecting complaints or allegations from January 1, 2005 to present that a process server or process serving agency (be it as an employee or independent contractor) you used engaged in executing false affidavits of service.

***Response***

Defendants object on the grounds that this request is vague and overbroad and fails to identify the documents sought with reasonable specificity. Subject to and without waiving the foregoing objections, Defendants are presently unable to identify or locate any responsive documents concerning the relevant period within their possession or control.

**Requests for Production to ABC Process Serving Bureau, Inc., d/b/a ABC Process Service**

28. If you keep an electronic database of the dates, times and locations of service by process servers you use, please provide that database in electronic format that includes the service

attempts by process server Azzam Abderrahman from the time period January 1, 2007 to present. Examples of an electronic database would include, *inter alia*, an Excel Spreadsheet or Microsoft Access file.

***Response***

Defendants object on the grounds that this request is overbroad and not reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants are presently unable to identify or locate any responsive documents concerning the relevant period within their possession or control.

29. Copies of the log books for Azzam Abderrahman for the period January 1, 2007 to present.

***Response***

Defendants are presently unable to identify or locate any responsive documents within their possession or control.

30. Copies of the log books maintained by Azzam Abderrahman for the duration of his career as a process server.

***Response***

Defendants object on the grounds that this request is overbroad and not reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants are presently unable to identify or locate any responsive documents within their possession or control.

31. Documents reflecting your training and supervision of Azzam Abderrahman.

***Response***

Defendants object on the grounds that this request is vague, overbroad, fails to identify the documents sought with reasonable specificity, and is more appropriate for a deposition. Subject to and without waiving the foregoing objections, sought with reasonable specificity. Subject to and without waiving the foregoing objections, Defendants are presently unable to identify or locate any responsive documents within their possession or control.

32. Complaints that you, or process servers you utilized, made false claims of service of process for alleged service for the period January 1, 2000 to present. This request includes complaints made with the NY Department of Consumer Affairs or other government entities (the full files for such requests are not publicly available).

***Response***

Defendants object on the grounds that this request is vague and overbroad and fails to identify the documents sought with reasonable specificity. Subject to and without waiving the foregoing objections, Defendants are presently unable to identify or locate any responsive documents within their possession or control.

33. Documents sufficient to demonstrate how much Azzam Abderrahman was paid for the putative service on Ms. Texidor in the Affidavit of Service.

***Response***

Defendants are presently unable to identify or locate any responsive documents within their possession or control.

34. Documents sufficient to show the number of successful and the number of unsuccessful service of process of each process server you used from January 1, 2007 to January 1, present to serve collection lawsuits. Please produce those documents by year.

***Response***

Defendants object on the grounds that this request is overbroad and not reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants are presently unable to identify or locate any responsive documents concerning the relevant period within their possession or control.

35. License applications with the New York City Department of Consumer Affairs and responses thereto from January 1, 2015 to present.

***Response***

Defendants object on the grounds that this request is overbroad and not reasonably likely to lead to the discovery of admissible evidence.

Defendants reserve the right to amend and/or supplement the above responses as further information is obtained.

Dated: New York, New York
October 30, 2026

COREY STARK PLLC

/s/______________________________
By: Corey Stark (CS-3897)
*Attorneys for Defendants ABC Process Serving Bureau, Inc. and Jay Brodsky*
110 East 59th Street, 22nd Floor
New York, New York 10022
(212) 324-3705

CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury that he served a true copy of the within **Defendants' Response to Plaintiff's First Request for the Production of Documents** upon the following parties or their counsel on October 30, 2026, by electronic mail pursuant to Rule 5(b) of the Federal Rules of Civil Procedure:

Ahmad Keshavarz, Esq.
The Law Office of Ahmad Keshavarz
16 Court Street, 26th Floor
Brooklyn, New York 11241

Dated: New York, New York
October 30, 2026

/s/__________________________
Corey Stark