**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

LUZ TEXIDOR,

Plaintiff,

21-cv-4845 (RPK) (SDE)

-against-

**Defendants' Response to Plaintiff's First Set of Interrogatories**

TROMBERG, MORRIS, & POULIN, PLLC f/k/a STEPHEN EINSTEIN & ASSOCIATES, P.C., STEPHEN EINSTEIN, COLLINS FINANCIAL SERVICES, INC., ABC PROCESS SERVING BUREAU, INC., d/b/a ABC PROCESS SERVICE, AZZAM ABDERRAHMAN, and JAY BRODSKY,

Defendants.

-----------------------------------------------------------------X

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Eastern District of New York, ABC Process Service Bureau, Inc., and Jay Brodsky ("Defendants"), by their attorneys, Corey Stark PLLC, provide the following response to Plaintiff's First Set of Interrogatories.

## GENERAL OBJECTIONS

1. Defendants object to the interrogatories to the extent that they purport to impose obligations upon them in excess of those created by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Eastern District of New York.

2. Defendants object to the interrogatories to the extent that they seek the production of documents or information that contain confidential information, and they will not produce such documents or provide such information in the absence of appropriate protective measures agreed upon by the parties and approved by the Court.

3. In providing these general objections to the interrogatories, Defendants do not in any way waive or intend to waive, but rather intend to preserve and are preserving:

(a) all objections as to competency, relevancy, materiality, and admissibility of any documents that may be produced pursuant to the requests or the subject matter of any interrogatory;

(b) all objections as to vagueness, ambiguity, and undue burden;

(c) all rights to object on any ground to the use of any documents that may be produced, or the subject matter of the interrogatories, in any subsequent proceedings, including the hearing of this or any other related or unrelated action, trial, hearing, case, or controversy;

(d) all rights to object to any interrogatory calling for the production of documents obtained by counsel for Plaintiff in connection with the preparation of this case; and

(e) all rights to object on any ground to any interrogatory for further responses to the interrogatories.

4. Defendants object to the interrogatories to the extent that they seek the production of documents or information that are privileged attorney-client material or attorney work product, or are otherwise protected from disclosure, and they will not produce such documents or provide such information.

**INTERROGATORIES**

1. "Identify" all persons who have knowledge of relevant facts, identify the issues upon which you believe they have knowledge.

***Response***

Defendants object on the grounds that this interrogatory is vague, overbroad, fails to identify the information sought with reasonable specificity, and is more appropriate for a deposition. Subject to and without waiving the foregoing objections, Defendants identify Jay Brodsky, Jasmine Kissoon, Azzam Abderrahman, Luz Texidor, Scott Morris, and Stephen Einstein.

2. "Identify" the name and address of every witness you expect to call at the trial of this case.

***Response***

Defendants object on the grounds that this interrogatory is premature, vague, overbroad, and fails to identify the information sought with reasonable specificity. Subject to and without waiving the foregoing objections, Defendants have not determined the witnesses they intend to call at trial.

3. "Identify" all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.

***Response***

Jay Brodsky.

4. "Identify" the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements.

***Response***

Defendants object on the grounds that this interrogatory is vague and fails to identify the information sought with reasonable specificity. Subject to and without waiving the foregoing objections, Defendants identify documents numbered ABC000001 through ABC000036.

5. If documents responsive to Plaintiff discovery demands are in the possession of a third-party, identify that third-party and the documents you believe in their possession.

***Response***

Defendants object on the grounds that this interrogatory is vague, overbroad, and fails to identify the information sought with reasonable specificity. Subject to and without waiving the foregoing objections, Defendants state that it is possible that Azzam Abderrahman is in possession of responsive documents.

6. For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

***Response***

Defendants object on the grounds that this interrogatory is vague, overbroad, and fails to identify the information sought with reasonable specificity. Subject to and without waiving the foregoing objections, the Department of Consumer Affairs requires that service logs, records,

affidavits, and related records must be stored and made available for inspection by the department for seven (7) years, and Jay Brodsky possesses information about record-keeping practices.

7. Identify all lawsuits brought against You related to filing time-barred lawsuits or false affidavits of service.

***Response***

Defendants object on the grounds that this interrogatory is overbroad and not reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants identify *One Horse & Two Snakes Inc.; and Roland Williams, as President of One Horse & Two Snakes Inc. v. Mohaned Elgizawy; ABC Process Serving Bureau, Inc.* – Index No. 527715/2022 and refers Plaintiff to documents numbered ABC000037 through ABC000045.

8. If your document production uses abbreviations, codes, or identifies persons only by firm name or initials, please identify the meaning of each abbreviation or code, and "identify" each such person.

***Response***

Defendants did not use abbreviations in their document production.

9. From January 1, 2005 to present, what steps did you take when you *decided to hire* a process server or process serving agency (be it as an employee or independent contractor) to ensure that they did not execute false affidavits of service? If those steps have changed in a material way during that time period, please state when and why.

***Response***

Defendants object on the grounds that this interrogatory is vague, overbroad, fails to identify the information sought with reasonable specificity, and is more appropriate for a deposition. Subject to and without waiving the foregoing objections, Defendants only engaged licensed process servers and required these independent contractors to maintain strict, chronological, and contemporaneous records documenting every single service attempt, the recipient's description, date, time, and address. Defendants required independent contractors to capture GPS or A-GPS coordinates immediately after attempting or effecting service in approximately 2011.

10. From January 1, 2005 to present, what steps did you take to *supervise* the process servers or process serving agencies (be it as an employee or independent contractor) to ensure that they did not execute false affidavits of service? If those steps have changed in a material way during that time period, please state when and why.

***Response***

Defendants object on the grounds that this interrogatory is vague, overbroad, fails to identify the information sought with reasonable specificity, and is more appropriate for a deposition. Subject to and without waiving the foregoing objections, Defendants did not undertake to supervise process servers because they were licensed professionals who were independent contractors. However, Defendants only engaged licensed process servers and required these independent contractors to maintain strict, chronological, and contemporaneous records documenting every single service attempt, the recipient's description, date, time, and address.

Defendants required independent contractors to capture GPS or A-GPS coordinates immediately after attempting or effecting service in approximately 2011.

Defendants reserve the right to amend and/or supplement the above responses as further information is obtained.

Dated: New York, New York
October 30, 2026

COREY STARK PLLC

/s/______________________________
By: Corey Stark (CS-3897)
*Attorneys for Defendants ABC Process Serving Bureau, Inc. and Jay Brodsky*
110 East 59th Street, 22nd Floor
New York, New York 10022
(212) 324-3705

CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury that he served a true copy of the within **Defendants' Response Plaintiff's First Set of Interrogatories** upon the following parties or their counsel on October 30, 2026, by electronic mail pursuant to Rule 5(b) of the Federal Rules of Civil Procedure:

Ahmad Keshavarz, Esq.
The Law Office of Ahmad Keshavarz
16 Court Street, 26th Floor
Brooklyn, New York 11241

Dated: New York, New York
October 30, 2026

/s/________________________
Corey Stark

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

LUZ TEXIDOR,

Plaintiff,

21-cv-4845 (RPK) (SDE)

-against-

**Verification**

TROMBERG, MORRIS, & POULIN, PLLC f/k/a STEPHEN EINSTEIN & ASSOCIATES, P.C., STEPHEN EINSTEIN, COLLINS FINANCIAL SERVICES, INC., ABC PROCESS SERVING BUREAU, INC., d/b/a ABC PROCESS SERVICE, AZZAM ABDERRAHMAN, and JAY BRODSKY,

Defendants.

-------------------------------------------------------------------X

I, Jay Brodsky, declare pursuant to 28 U.S.C. 1746 under penalty of perjury that the foregoing is true and correct.

I have reviewed Defendants' Response to Plaintiff's First Set of Interrogatories. I confirm that the responses contained therein are true and correct to the best of my knowledge, information, and belief.

Dated: New York, New York
October 29, 2026

Jay Brodsky